IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW SWAINSON, *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : : | |
| CITY OF PHILADELPHIA et al., *Defendants* | : : | No. 22-2163 |

## MEMORANDUM

PRATTER, J.                                                                                                                      DECEMBER 14, 2022

      More than 30 years ago, Andrew Swainson was convicted of a murder he did not commit. After his conviction was vacated, he filed a complaint against the City of Philadelphia and eight former employees of the Philadelphia Police Department whose misconduct, he alleges, led to his wrongful conviction. Manuel Santiago—the lead detective on the murder case—is one of these defendants. Mr. Swainson alleges that Mr. Santiago knowingly deceived the court by concealing, fabricating, and suppressing key evidence in Mr. Swainson's criminal trial.

      This is not the only case pending against Mr. Santiago arising out of allegations of misconduct. He was indicted in 2021 for perjury and false swearing in court proceedings related to another wrongfully convicted man. Mr. Santiago's criminal case is scheduled for trial later next year. Understandably, Mr. Santiago would like to focus his time and resources on these criminal proceedings and has filed a motion to stay Mr. Swainson's claims against him in the meantime. But staying a civil case is an extraordinary remedy, and Mr. Santiago has not met his burden to show that a stay is warranted. Therefore, the Court denies Mr. Santiago's motion to stay.

## DISCUSSION

      Criminal defendants do not "have a due process right to stay proceedings in related civil actions." *Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 55 (E.D.

Pa. 1980). And because "[a] total stay of civil discovery pending the outcome of related criminal matters is an extraordinary remedy," *Weil v. Markowitz*, 829 F.2d 166, 174 n.17 (D.C. Cir. 1987), courts only stay parallel civil suits "when the interests of justice seem[] to require such action." *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970). In this circuit, courts consider the following factors when deciding whether to exercise their discretion to grant or deny a stay in such circumstances:

- To what extent do the issues in the civil and criminal cases overlap?
- How far along is the criminal case?
- Will the plaintiff be harmed if the stay is granted?
- Will the defendants be harmed if the stay is not granted?
- Will a stay be an efficient use of judicial resources?
- Does the public interest favor a stay?

*Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526–27 (D.N.J. 1998); *Golden Quality*, 87 F.R.D. at 56.

Here, most of these factors weigh against granting the stay that Mr. Santiago requests.

## I.     Similarity of Issues

The similarity of issues is the most important threshold issue in deciding whether to grant a stay. *Cf. Walsh*, 7 F. Supp. 2d at 527. Here, there is no significant overlap between the issues in Mr. Swainson's § 1983 case and those in Mr. Santiago's criminal prosecution. Mr. Santiago's criminal proceedings are related to "a *different* person altogether . . . in a *different* homicide investigation." *Thorpe v. City of Philadelphia*, No. 19-cv-5094, 2022 WL 991379, at *2 (E.D. Pa. Apr. 1, 2022). Moreover, these two cases arise out of factually distinct conduct: Mr. Santiago was

indicted for lying at the re-trial of Anthony Wright and in a 2017 deposition, whereas Mr. Swainson alleges that Mr. Santiago concealed, fabricated, and suppressed evidence in his case.

The only overlap between these two cases is the fact that Mr. Swainson's complaint references Mr. Santiago's conduct Mr. Wright's case as part of an alleged pattern of misconduct. To warrant a stay, however, the overlap between the civil and criminal cases must be more than incidental. The two cases must either arise out of the same set of facts, *cf. McCullers v. Commonwealth of Pennsylvania*, No. 15-cv-3732, 2016 WL 3551624, at *13 (E.D. Pa. June 30, 2016), or implicate similar enough issues that resolution in one case "would moot, clarify, or otherwise affect various contentions" in the other. *United States v. Mellon Bank, N.A.*, 545 F.2d 869, 873 (3d Cir. 1976); *see also Med. Inv. Co. v. Int'l Portfolio, Inc.*, No. 12-cv-3569, 2014 WL 2452193, at *2 (E.D. Pa. May 30, 2014) (granting stay where plaintiffs argued that a criminal indictment entitled them to summary judgment). There is no reason to believe that resolution of any issue in the other proceeding related to Mr. Wright would bear on, much less resolve, any factual or legal issue in Mr. Swainson's § 1983 case, or vice versa. Thus, even if Mr. Swainson were to seek discovery as to Mr. Santiago's conduct in Mr. Wright's case,[1] this incidental overlap weighs against granting a stay.

## II. Stage of Criminal Proceeding

The case for staying civil proceedings is strongest after an indictment has been returned, when both the risk of self-incrimination and the likelihood of a speedy resolution of the criminal case are greatest. *See, e.g., SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980).

---

[1] Mr. Swainson, in his briefing, has stated his willingness to stay discovery into Mr. Santiago's conduct in Mr. Wright's case. While helpful to keeping pretrial disputes to a minimum, that issue is not presently before the Court.

3

Mr. Santiago has already been indicted, and his criminal trial is scheduled for next year. Thus, this factor weighs in favor of granting a stay.

### III. Prejudice to Mr. Swainson

A stay would seriously prejudice Mr. Swainson. He spent over three decades incarcerated for a crime he did not commit and has a legitimate interest in having his case heard expeditiously on the merits. *See Thorpe*, 2022 WL 991379, at *2 (explaining that a civil plaintiff "does not deserve 'slower justice' just because [a defendant officer's] alleged behavior in investigating a different homicide 'attracted the attention of the criminal authorities'") (quoting *Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 575 (S.D.N.Y. 2001)). Since then, "[m]emories have faded, and evidence might have been lost." *Thorpe*, 2022 WL 991379, at *2. Mr. Santiago suggests that because any such loss has likely already occurred, a stay would not be prejudicial. The Court disagrees. Several of the defendants in this case are already deceased, and nearly all other defendants or fact witnesses are elderly. A delay pending resolution of Mr. Santiago's criminal proceedings, currently scheduled to begin approximately ten months from now, could well lead to further loss of evidence.

Mr. Santiago also suggests that any prejudice is minimal because Mr. Swainson could proceed against the other defendants in the meantime. Again, the Court disagrees. Mr. Santiago was the lead detective on Mr. Swainson's case. A complete stay of discovery against him would impair Mr. Swainson's ability to obtain full discovery from other defendants until the resolution of the criminal proceedings against Mr. Santiago. This factor also weighs against granting a stay.

### IV. Burden on Mr. Santiago

Mr. Santiago will not be seriously harmed if the Court does not grant a stay. Mr. Santiago's concerns that his testimony in this civil case could incriminate him in his criminal trial are

4

speculative. Moreover, Mr. Santiago retains his Fifth Amendment privilege against self-incrimination. *Cf. Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995). Mr. Santiago might prefer not to have to choose between defending himself in a civil matter and asserting this privilege, but he has "no absolute right" to avoid this choice. *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995). Nor has he established that he will in fact face such a dilemma. "The risk of self-incrimination is greatest when significant overlap exists between civil and criminal matters . . . ." *Barker v. Kane*, 149 F. Supp. 3d 521, 529 (M.D. Pa. 2016). As discussed above, the overlap between Mr. Swainson's case and Mr. Wright's case is incidental. The burden on Mr. Santiago is therefore lessened.

## V. Interests of the Court

The Court has an interest in the timely resolution of this matter. Given Mr. Santiago's central role in this case, granting a stay likely would cause the entire matter to grind to a halt. Mr. Santiago suggests that, absent a stay, the Court's time will be taken up with a litany of discovery disputes and assertions of his Fifth Amendment rights. Given the limited overlap between the two proceedings, however, the Court is confident that any time lost to resolving such disputes will be more than made up for by streamlining the discovery process. Likewise, the lack of overlap means that the likelihood of any duplicative judicial effort is also low. *See Golden Quality*, 87 F.R.D. at 57. This factor therefore weighs against granting a stay.

## VI. The Public Interest

Finally, the public has an interest in the swift resolution of charges of official misconduct, whether in a civil or criminal proceeding. *See Thorpe*, 2022 WL 991379, at *4; *accord Golden Quality*, 87 F.R.D. at 58. This final factor, too, weighs against a stay.

## CONCLUSION

Together, these factors weigh against a stay. Though Mr. Santiago has already been indicted, the lack of significant overlap between the parallel proceedings means that any risk of self-incrimination is minimal. In contrast, granting a stay would frustrate both the Court's interests in efficiency, and the interests of Mr. Swainson and of the public in the timely resolution of this case. For these reasons, the Court denies Mr. Santiago's motion to stay without prejudice. An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE