# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW SWAINSON,<br><br>      Plaintiff,<br><br>    v.<br><br>CITY OF PHILADELPHIA, and officers MANUEL SANTIAGO, JACK ROE, as personal representative of the ESTATE OF MICHAEL COHEN, JAMES ALEXANDER, JOHN DELLA ROCCA, as personal representative of the ESTATES OF ARTHUR DURRANT and FRANCIS MILLER, JOSEPH D. FISCHER, and JOHN DOE, in their individual capacities,<br><br>      Defendants. | Civil Action No. 22-2163 |

## STIPULATED PROTECTIVE ORDER

      Whereas in connection with these proceedings the parties, and a nonparty, the Philadelphia District Attorney's Office (the "DAO"), will be required to exchange information and disclose documents in discovery which they deem confidential, including documents containing personal medical, and financial information of the parties. The parties and the DAO object to disclosure of these information and production of these documents unless appropriate protection for their confidentiality is assured. Good cause therefore exists for the entry of a Protective Order pursuant to Rule 26(c).

      Now, therefore, the undersigned counsel for the parties and the DAO hereby consent and agree to the following Agreement regarding the disclosure of certain discovery in this matter to facilitate proper resolution of disputes over confidentiality, and to protect from unauthorized

1

disclosure, publication, and use of information of a kind whose confidentiality is properly protected under Rule 26(c) of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED THAT:**

1. For the purposes of this Order, "Confidential Information" shall mean any documents, evidence, testimony, materials or other information, whether written or oral, exchanged, revealed or presented in these proceedings, designated in good faith as "Confidential" by either the DAO or the parties. Confidential Information includes, but is not limited to, personal, financial and medical information of the parties or other persons including, but not limited to, personal contact information, e.g. address and telephone number; personal identifying information, e.g. driver's license number, social security number, and date of birth; bank account or other identifying numbers; personnel and disciplinary files, medical records, physiological and/or psychiatric records. Documents and information shall not be designated or considered Confidential Information to the extent they are otherwise publicly available.

2. Confidential Information supplied by the parties or the DAO shall be reviewed only by the parties in this litigation, attorneys and their supervisors as well as secretaries, investigators, paralegals, interns, staff, consultants, witnesses, any experts retained by the parties for purposes of this case. Confidential Information supplied by the Parties or the DAO shall not be reviewed by or disclosed to any other persons not associated with this case, and shall not otherwise be disclosed in any way that is inconsistent with the terms of this Order.

3. If a party or the DAO believes that any pleading, exhibit, deposition transcript, document or other written material to be produced by that party contains Confidential Information, the party shall either stamp each page containing such information as "Confidential" or designate such documents as "Confidential" by bates number in a writing

directed to the opposing party's counsel, except that the parties and the DAO agree that any personal contact information, e.g., address and telephone numbers; personal identifying information, e.g. driver's license numbers, social security numbers, and date of birth; bank account or other identifying numbers contained in files produced by the DAO in this litigation will automatically constitute "Confidential Information" within the meaning of this Agreement without the need for specific designation. The inadvertent failure of a party to mark or designate information or testimony as Confidential at the time of its production or utterance shall not constitute a waiver of the protections provided herein, so long as said oversight is recognized and rectified in a reasonably timely manner. Except for personal contact information, e.g., address and telephone numbers; personal identifying information, e.g. driver's license numbers, social security numbers, and date of birth; bank account or other identifying numbers included in documents produced by the DAO, no document shall be presumed to be confidential until and unless a party or the DAO explicitly designates it as "Confidential."

     4. A party may challenge the designation of information produced during this action as "Confidential" by bringing the issue to the attention of the Court via telephone conference or a motion for an appropriate order, provided, however, that the receiving party must first make a good-faith attempt to resolve the dispute informally with the producing party. A good faith effort must include ample notice, and an opportunity to review the subject issue, discuss it with the parties and the DAO, and respond in writing if necessary to protect the record herein. Unless and until the parties and/or the DAO agree that information designated as "Confidential" is not entitled to the protections conferred by such designation, or, in the absence of agreement, the Court so rules, said information shall remain Confidential Information subject to this Protective Order.

5. Each party receiving Confidential Information will take steps to ensure that disclosure is strictly limited to persons so authorized under this Protective Order in ¶ 2 above, and is maintained in a manner that prevents its use for purposes not authorized in this Protective Order. All Confidential Information, whether contained in answers to interrogatories, documents, deposition transcripts or exhibits, pleadings, shall be kept in such a manner sufficient to protect the confidential nature of the information and such Confidential Information shall, at all times, be maintained in the utmost confidentiality.

6. Any party may file a motion for leave to file under seal any pleading or other submission filed in this proceeding which contains Confidential Information.

7. Each party shall be responsible for maintaining in a secure manner all copies of Confidential Information received by that party or its representatives, consultants, officers or employees, or otherwise provided by the other party or the DAO.

8. This Protective Order and the production of any Confidential Information pursuant thereto are not intended as a waiver of any privilege or right. Disclosure of Confidential Information may not be compelled simply because it is covered by this Order. Further, this Protective Order is not intended to waive any objections that may be raised at the time of trial.

9. The provisions of the Protective Order are without prejudice to the right of any party or the DAO to: (a) apply to the Court for a further protective order relating to any Confidential Information or relating to discovery in this litigation, (b) apply to the Court for an order removing the Confidential Information designation (subject to the procedure described in ¶ 4 above) and (c) apply to the Court for an order permitting use or disclosure of particular documents marked as Confidential during a hearing or at trial in connection with this litigation.

10. The parties shall communicate the confidentiality requirements of this Protective Order to every person who is given access, pursuant to the terms of this Order, to Confidential Information produced by the other party or the DAO.

11. In the event that any Confidential Information is used in any court proceeding in connection with this litigation, the parties shall take all steps reasonably required to protect its confidentiality during such use, provided that the parties shall meet and confer to determine how the parties' and/or the DAO's interests can be best accommodated during the court proceeding.

12. Either party or the DAO may seek remedial relief in Court for a breach or threatened breach of this Order in accordance with applicable law.

13. The Court retains the right to allow, sua sponte or upon motion, disclosure of any subject covered by this order or to modify this order at any time in the interest of justice.

DATED: _____ day of _____, 2023.

By: */s/ Amelia Green*\_\_\_

Emma Freudenberger (admitted pro hac vice)
Amelia Green (admitted pro hac vice)
Christina Matthias
Pa. ID No. 326864
Tony Joe (admitted pro hac vice)
Neufeld Scheck & Brustin, LLP
99 Hudson Street, Eighth Floor
New York, NY 10013
(212) 965-9081

Jonathan H. Feinberg
Pa. ID No. 88227
Grace Harris
PA ID No. 328968
Kairys, Rudovsky, Messing, Feinberg & Lin LLP
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
(215) 925-4400
*Counsel for Plaintiff Andrew Swainson*

By: /s/ Danielle Walsh

Danielle E. Walsh
Divisional Deputy City Solicitor
Pa. Attorney ID No. 312438
Daniel Cerone
City Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595
Ste Office 14-152
Philadelphia, PA 19102
201-403-3059
*Counsel for Defendants City of Philadelphia, James Alexander, and Joseph Fischer*


By: /s/ Jake Segal

Jake Segal
Brian McMonagle
Mcmonagle, Perri, Mchugh, Mischak & Davis, P.C.
1845 Walnut St., 19th Floor
Philadelphia, PA 19103
215-981-0999
*Counsel for Defendant Michael Santiago*

By: /s/ Jennifer Lin

Jennifer Lin
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
215-686-9899
*Counsel for the Philadelphia District Attorney's Office*

                              **SO ORDERED:**

                              _____
                              **Honorable Gene E.K. Pratter**