PHILADELPHIA POLICE DEPARTMENT

DIRECTIVE 50
(1/21/87)

SUBJECT: INVESTIGATION AND CHARGING PROCEDURE

I. POLICY

A. All adults arrested for a felony or misdemeanor offense will be investigated, processed and charged in accordance with the procedures outlined in this directive.

B. The ARIS message will serve as the notification and record-keeping system for the Charging Procedure. ARIS messages will be entered and transmitted in accordance with the procedures outlined in Commissioner's Memorandum (82-5). 87-3 - GEN 1-27-87 #0203

C. The Complaint Fact Sheet (CFS) [see Appendix "A"] will serve as the police report for the District Attorney's Charging Unit (DACU). Prior to slating a defendant, the DACU should receive the CFS from the investigating unit to clarify certain facts or to supply needed information. However, DACU charging decisions will be given only to the detaining unit, who will forward the information to the investigating unit.

D. The detaining unit supervisor will ensure that all prisoners are held for arraignment unless properly notified by the DACU.

E. The Criminal Complaint (75-79) will be prepared and delivered to the Arraignment Court by the DACU.

II. INVESTIGATING UNIT PROCEDURE

A. The assigned investigator will prepare the following forms:

1. Arrest Report (75-50)

2. Hearing Sheet (75-133)

3. Investigator's Aid to Interview (75-229)

4. Complaint Fact Sheet (CFS - See Appendix "A")

a. One Complaint Fact Sheet (two copies - original and one copy) shall be prepared for each individual involved in an incident.

(1) The original CFS will be sent along with the 75-50 and 75-133 to the detaining unit with the defendant. (The original will be utilized to transmit the CFS to the DACU in division/unit equipped with facsimile transceivers prior to transporting the defendant.



D017186

(2) The investigating unit will retain the copy.

5. Investigation Report (75-49)

B. The assigned investigator will ensure that:

1. When charging a suspect with a misdemeanor or felony offense, appropriate summary offenses are included in the Arrest Reports and Complaint Fact Sheet. Substantiated facts and testimony will be included in these reports to support all charges listed.

2. Six-hour rule cases can be phoned into the DACU on dedicated telephone lines connecting the DACU to each detective division.

3. The CFS is promptly submitted to the unit supervisor for review.

   a. If more than one unit is involved in charging a suspect, the primary investigating unit (as determined by departmental policy) will be responsible for the initial preparation of the CFS. Subsequent units will add any charges with substantiated facts and testimony to the original CFS.

4. In division/units electronically equippped with a facsimile transceiver, the CFS will be transmitted to the DACU immediately after review and approval by the supervisor. The date and time the CFS is transmitted will be recorded in Block ~~#32~~ on the CFS, and then the defendant will be slated. 31 - [illegible] 9990 1-30-87

5. When a completed ARIS message is received from the detaining unit, the pertinent case file and reports will be updated, if necessary. Place a copy of the <u>completed</u> ARIS message in case file.

C. The investigating unit supervisor will ensure that:

1. The Complaint Fact Sheet is properly prepared and the charges are appropriate for the facts and testimony as listed on the CFS.

2. Review and approve CFS.

3. The CFS is promptly transmitted to the DACU <u>if</u> electronically equipped to do so.

4. The copy of the CFS along with the corresponding ARIS message will be retained.

5. When contacted by the DACU for information, the CFS will be used to present the police case. The DACU will not make charging decisions at this time.

6. When any charges are modified or disapproved by the DACU, attach the Record of Declination form (when received) to the CFS and a photo copy of the 75-49, and submit to the commanding officer for review.

7. A completed ARIS message is received from the detaining unit and reviewed against the investigatory unit's case reports.

8. When all charges are approved, file the CFS in the district/unit file.

D. Commanding Officer of the Investigating Unit will:

1. Maintain a Complaint Fact Sheet Tickler File and an ARIS Printout File.

a. The CFS File will have three (3) sections:

| | |
|---|---|
| First Section: | Will contain all CFS awaiting DACU action. |
| Second Section: | Will contain all DACU approved CFSs. |
| Third Section: | Will contain all DACU disapproved/modified CFS with required attachments. |

2. Review all modified and disapproved CFS and compare with submitted 75-49 for consistency.

a. Forward a memorandum through the chain of command describing any case where modification of disapproval appears to be totally unjustified or inconsistent with previous DACU decisions and policies.

III. DETAINING UNIT PROCEDURE

A. All detaining units will process all prisoners in accordance with Directive 82, "Criminal Identification Processing, Transportation and Temporary Detention of Adult Prisoners."

B. When prisoners arrive at the detaining unit, personnel will check Block 31 on the CFS to ascertain whether the CFS has been transmitted to the DACU. If not, transmit it to the DACU (exception - 3731-A MVC cases will be held until the breathalyzer results have been added to the CFS, then transmitted).

C. Police Detention Unit and CCTV notification clerks will ensure:

1. The CFS has been transmitted to the DACU.

2. Upon completion of prisoner processing:

a. Notify the DACU of the defendant's identity.

b. Obtain the charging decision from the DACU.

c. Update the ARIS message and the DACU charging decision and transmit to the investigating unit.

d. Receive copies of written notice of declination from the DACU.

e. Record modifications, partial disapprovals and disapprovals, on the 75-50 and 75-133 as dispositions.

f. Forward pink copy of 75-133 to Arraignment Court.

3. Place completed ARIS message in appropriate files.

D. The PDU/CCTV duty supervisor will ensure that:

1. Complaint Fact Sheets (CFSs) not previously transmitted by the investigating unit are promptly transmitted to the DACU.

2. The notification clerk is immediately informed of the completion of processing on all prisoners.

3. The DACU is contacted with the identification of the defendant after processing has been completed.

4. The ARIS message is updated with the DACU decision, transmitted to the investigating unit, and then properly filed.

5. The defendant is arraigned when the charges are approved or modified including diversions. The defendant will be released when all charges have been declined.

6. A written notice of declination is received for all modifications and disapprovals. The declination notice shall be attached to the original CFS and forwarded to the commanding officer of the investigating unit.

7. Modifications, partial disapprovals and disapprovals are recorded as dispositions on the 75-50 and 75-133.

8. The DACU is notified as to the defendant's correct photo number and offense tracking number (OTN).

9. If all misdemeanor and felony charges have been disapproved and only summary charges remain, bring the prisoner before the Arraignment Court for the setting of a summary hearing date. (Pa.R.Crim.P. 6002(a)(3)). In these cases, the DACU complaint will act as the citation.

SUBJECT: PREPARATION OF COMPLAINT FACT SHEET

APPENDIX "A"

I. POLICY

A. The Complaint Fact Sheet (CFS) will be used to provide the District Attorney's Charging Unit (DACU) with sufficient information upon which an appropriate charging decision may be made.

B. The CFS will be prepared by the assigned investigator for adults arrested under the following circumstances:

1. Where the defendant is the subject of a warrantless arrest for any felony or misdemeanor offense;

2. Where the defendant was arrested pursuant to an Arrest Warrant and is to be charged with an additional felony/misdemeanor offense not included in the original Complaint; or

3. Where the defendant is the subject of an arrest as a result of the service of a Search and Seizure Warrant.

C. When completing the CFS, police personnel should remain continually aware that final approval of the charges will depend to a large extent on the completeness and accuracy of this report.

D. The Complaint Fact Sheet (CFS) should be transmitted as soon as possible after arrest to the DACU to allow adequate review by the duty ADA.

II. PROCEDURE

A. The assigned investigator will type or handprint in ink the CFS entries as follows:

1. DC # - Year, District of Occurrence and Control Number.

2. District/Unit Preparing - Identify investigating unit.

3. Report Date - Date the Complaint Fact Sheet is prepared.

4. Date/Time/ADA Notified of Priority - The DACU will be notified as soon as the investigator is aware that the case requires the defendant to be arraigned within six (6) hours (i.e., the defendant has made an admission or confession to the police). Include the date, time, and name of the ADA notified.

5. Def # ___ of ___ - In cases where there are multiple defendants, a separate Complaint Fact Sheet will be prepared for each individual defendant.

6. Date/Time/Location of Occurrence - Insert required information.

7. Date/Time/Location of Arrest - Insert required information.

8. Defendant - Indicate the name of the defendant.

9. DOB - Indicate the date of birth of the defendant.

10. Sex - Indicate the sex of the defendant.

11. Race - Indicate the race of the defendant.

12. PP# - Obtain and insert the defendant's Philadelphia Photo Number.

    a. In cases wherein the defendant has a prior record, the photo number will be inserted by the investigative unit supervisor.

    b. In cases wherein the defendant has no prior record, the new photo number given at the completion of processing will be entered by the unit supervisor responsible for transmitting the fact sheet to the DACU.

13. Address - Indicate the defendant's full address, including city, state, and zip code.

14. Prior Record - Indicate whether or not the defendant has any prior arrest record.

15. Priority Prisoner - Indicate whether or not the defendant must be arraigned within six (6) hours of his arrest and note any pertinent details under "Additional Information."

16. Career Criminal - Indicate whether or not the defendant is a career criminal as determined by established procedure and note any pertinent details under "Additional Information."

17. Arrest by Warrant - Indicate whether or not the defendant was arrested as the result of an Arrest Warrant. This will apply to cases in which the defendant was arrested pursuant to an Arrest Warrant and additional charges (e.g., Aggravated Assault, Resisting Arrest, etc.) are to be filed against him. Note the pertinent details, including warrant number, under "Circumstances of Arrest" block. Include only the additional charges not listed in the original Complaint in the "Charges" block.

18. NCIC/PCIC Hit - Indicate the results of the investigator's NCIC/PCIC computer inquiry regarding the defendant and note any pertinent details under "Additional Information."

19. Injuries - Indicate whether or not the complainant sustained any injuries as a result of the offense(s) charged and note any pertinent details under "Desc. of Offense" (include the nature and extent of injuries, etc.).

20. Stolen Property - Indicate whether or not property was taken from the complainant and note any pertinent details under "Desc. of Offense," "Additional Information," or "Physical Evidence" as appropriate.

21. Value $ ______ - Indicate the complainant's estimate of the total value of all stolen property.

22. Witnesses - Indicate whether or not there are any persons, police or civilian, who either observed the crime occur or have other information concerning the crime, and note the details under "Desc. of Offense," "Circumstances of Arrest," or "Additional Information" as appropriate (i.e., description of the crime, offender, vehicle used; action by police to apprehend suspect; etc.).

23. ID By Witnesses - Indicate whether or not the defendant was identified as the offender by the victim/witness, and note the pertinent details under "Circumstances of Arrest" or "Additional Information," as appropriate (circumstances of identification, one-on-one confrontation, line-up, photo display, time of identification, etc.).

24. Physical Evidence - Indicate whether or not police have discovered and/or identified physical evidence and note the pertinent details under "Physical Evidence" (i.e., what physical evidence was obtained, how and where it was obtained, how it is relevant to the case, etc.).

25. Statement by Def. - Indicate whether or not the defendant has made any statement and note the details under "Additional Information" (i.e., where and how obtained, the substance of the statement, whether Miranda warnings were given, whether the statement is written or oral; etc.).

26. Desc. of Offense - Give a brief outline of the facts and circumstances which indicate that a crime has been committed and that the defendant is the offender. It is important to establish all the elements of the crime(s) to be charged against the defendant and the sources of information police relied upon to arrest same.

a. It is not necessary to repeat the description of the incident for each offense charged if the elements of all offenses charged are derived from the same set of facts.

b. Other information which may be noted includes:

(1) Witnesses' statements concerning what they observed;

(2) Descriptions of suspects or vehicles;

(3) Actions taken by police;

(4) Stolen property descriptions; and

(5) Nature and extent of injuries.

27. Circumstances of Arrest - Briefly describe what the arresting officers observed, the information upon which they acted, how and where they accomplished the arrest, etc.

28. Charges - List all charges that are indicated by the facts and circumstances of the incident for which a Complaint should be filed.

29. Signature/Investigating Officer - The assigned investigator will ensure that he signs his name and badge number in this block.

30. Check Here If Reverse Side Is Used - Where additional space is needed under any heading, check this block and use the reverse side of the form. All information must be contained on one (1) Complaint Fact Sheet.

B. Investigating unit duty supervisor or the detaining unit supervisor, when the original fact sheet is in his possession, will complete the following:

31. Date & Time Fact Sheet Sent - Insert the date and time the Complaint Fact Sheet is transmitted to the DACU.

C. The detaining unit duty supervisor, after the DACU has been contacted, and a charge decision has been made, will ensure that the following are completed:

32. Date & Time DACU Contacted - Insert the date and time the detaining unit contacts the DACU and is informed of the charges to be filed against the defendant.

33. ADA - Indicate the name of the ADA.

34. App/Dis/Reason - Use these blocks to indicate which charge(s) have been approved or disapproved by the DACU. Where charges are disapproved, the duty supervisor must note the reason for disapproval by using the appropriate two-letter code as follows:

| CODE | REASON |
|---|---|
| IC | Insufficient Corroboration |
| IE | Insufficient Evidence |
| II | Identification Inconclusive |
| IJ | Interest of Justice |
| IS | Inadmissible Evidence |
| IP | Insufficient Probable Cause |
| NS | Insufficient Cause for Nighttime Search |
| LJ | Lacks Jurisdiction |
| LP | Lacks Prosecutorial Merit |
| UW | Unavailable or Uncooperative Witness |
| UV | Unavailable or Uncooperative Victim |
| WC | Witness Credibility Contradicted |
| ID | Inadequate Description of Persons, Premises, or Property |
| JE | Judicial Economy |
| OT | Other |

a. Insert the code ADD in the "Reason" block when the DACU adds one or more charges, and record the new charges in the "Charge" block.

35. Diversion by ADA - Indicate whether or not the ADA has informed the duty supervisor that the defendant will be placed in a diversionary program. In these cases, ensure that a Notice of Diversion form (11-287) is received.

36. Date & Time Disapproval Received - Indicate the date and time the Record of Declination form (11-288) is received by the duty supervisor.

37. Signature/Supervisor Contacted by DACU - The duty supervisor will ensure that he signs his name and badge number after he completes his entries on the form.

D. The Commanding Officer of the investigating unit will complete the following:

38. Signature/C.O. Receiving Dis. - The Commanding Officer will ensure that he signs his name and badge number in this block to indicate he has received the Complaint Fact Sheet for review in all cases where charge(s) have been disapproved by the DACU.

E. When the investigating unit is notified by the detaining unit of the completion of processing of a prisoner, the duty supervisor will compare the Complaint Fact Sheet with the ARIS message for identification changes.

1. The following information will be entered in the "Additional Information" block of the Complaint Fact Sheet:

   a. Master name/AKA if different from arrest name.

   b. Any other changed identification information.

   c. Correct Philadelphia Photo Number (PPN).

   d. Obtain and enter the correct prior criminal record.

2. The unit supervisor responsible for transmitting the CFS to the DACU will ensure the OTN (Offense Tracking Number), as shown on the ARIS message, is recorded in the Additional Information Block of the CFS.

BY COMMAND OF THE POLICE COMMISSIONER

PHILADELPHIA POLICE DEPARTMENT

DIRECTIVE 50
(7/8/87)

SUBJECT: INVESTIGATION AND CHARGING PROCEDURE FOR JUVENILES

APPENDIX "B"

I. POLICY

A. All juveniles arrested for a felony or misdemeanor offense will be investigated, processed, and charged in accordance with the procedures outlined in this directive.

B. The ARIS message will serve as the notification and record-keeping system for the Charging Procedure. ARIS messages will be entered and transmitted in accordance with the procedures outlined in Commissioner's Memorandum (87-3).

C. The Complaint Fact Sheet (CFS) (see Appendix "A") will serve as the police report for the District Attorney's Charging Unit (DACU). Prior to slating a juvenile, the DACU should receive the CFS from the investigating unit to clarify certain facts or to supply needed information. The DACU charging decisions will be given to the investigating unit or assigned investigator after the juvenile's identification has been confirmed.

D. The detaining unit supervisor will ensure:

1. That all juveniles arrested for felony or misdemeanor offenses are held for a detention decision unless properly notified by the DACU that the case will be diverted or that all the charges are declined; and/or

2. That the applicable procedures outlined in Directive 95 entitled, "Juveniles In Police Custody" are followed whenever it is determined that a juvenile is to be released from police custody.

II. INVESTIGATING UNIT PROCEDURE

A. The assigned investigator will prepare the following forms in those juvenile cases not being remedialed:

1. Arrest Report (75-50)

2. Investigator's Aid to Interview (75-229A)

3. Complaint Fact Sheet (75-589) (See Appendix "A")

   a. A Complaint Fact Sheet (original and two (2) copies) will be prepared for each individual involved in an incident.

      (1) The original CFS will be attached to the 75-50 and sent with the juvenile to the detaining unit. The original will be used to transmit the CFS to the DACU in divisions/units equipped with facsimile transceivers prior to sending the juvenile for processing.

      (2) The investigating unit will retain a copy.

      (3) Juvenile Aid Division will receive a copy.

4. Investigation Report (75-49)

5. Juvenile Contact Report (75-82)

6. Juvenile Release Form (75-411) if the juvenile is to be released.

B. In those cases in which the Juvenile Aid Division is responsible to assist the primary investigating unit, the assigned Juvenile Aid Division investigator will prepare the following forms after the initial investigation is completed:

1. Supplemental Investigation Report (75-52)

2. Investigator's Aid to Interview (75-229A)

3. Juvenile Contact Report (75-82)

4. Juvenile Release Form (75-411) if the juvenile is to be released.

C. The assigned investigator will ensure that:

1. When charging a juvenile with a misdemeanor or felony offense, appropriate summary offenses are included in the Arrest Reports and the CFS. Substantiated facts and testimony will be included in these reports to support all charges listed.

   NOTE: The three (3) copies of the CFS will be stamped "JUVENILE" to ensure that the juvenile offender is processed on a priority basis.

2. The CFS is promptly submitted to the investigating unit supervisor for review prior to contacting the DACU.

   a. Juvenile Aid Division investigators will send a copy of the CFS to J.A.D. Headquarters using facsimile transceivers.

b. If more than one unit is involved in charging a suspect, the primary investigating unit (as determined by departmental policy) will be responsible for the initial preparation of the CFS. Subsequent units will add any charges with substantiated facts and circumstances to the original CFS.

3. In divisions/units electronically equipped with a facsimile transceiver, the CFS will be transmitted to the DACU immediately after review and approval by the investigating unit supervisor. The date and time the CFS is transmitted will be recorded in Block #32 on the CFS, and the juvenile will be slated.

4. The juvenile is properly slated after the CFS is sent to the DACU.

5. When a completed ARIS message is received from the detaining unit, the pertinent case file and reports will be updated, if necessary. Place a copy of the completed ARIS message in the case file.

6. A 75-82 computer message is transmitted to JAD Headquarters and Criminal Records for each juvenile arrested.

D. Investigating Unit Supervisor will ensure that:

1. The CFS is properly prepared; all appropriate charges are listed based on the facts and circumstances of the case; and all copies of the CFS are stamped "JUVENILE".

2. The CFS is promptly transmitted to the DACU if electronically equipped to do so. When unable to transmit the CFS, have it delivered to the DACU by the detaining unit (see Section III-B).

3. A copy of the CFS is retained along with the corresponding ARIS message. Both forms will be filed in the District/Unit Case File.

4. When contacted by the DACU for information, the CFS is used to present the case. The DACU will not make charging decisions at this time.

5. When charges are modified or disapproved by the DACU, attach the Record of Declination form (when received) to the CFS and a photocopy of the 75-49, and submit same to the commanding officer for review.

6. A completed ARIS message is received from the detaining unit and reviewed against the investigating unit's case reports.

7. When the charges are approved, the juvenile is either sent to the Youth Study Center or released in accordance with applicable procedures outlined in Directive 95.

8. When the case is referred to a Youth Aid Panel, the juvenile is released in accordance with applicable procedures outlined in Directive 95.

9. When the charges are disapproved, the juvenile is released in accordance with applicable procedures outlined in Directive 95.

10. If all misdemeanor and felony charges are disapproved and only summary charges remain, the juvenile is issued a Non-Traffic Summary Offense Citation (30-198) and released in accordance with applicable procedures outlined in Directive 95.

11. A copy of the Investigation Report (75-49), the CFS (75-589), the Juvenile Contact Report (75-82), the Juvenile Aid Release Form (75-411), and Youth Aid Panel Forms are transmitted to the Juvenile Aid Division.

E. Commanding Officer of the Investigating Unit will:

1. Maintain a Complaint Fact Sheet Tickler File and ARIS Printout File.

   a. The CFS File will have three (3) sections:

| | |
|---|---|
| First Section: | Will contain all CFSs awaiting DACU action. |
| Second Section: | Will contain all DACU approved CFSs. |
| Third Section: | Will contain all DACU disapproved/modified CFSs with required attachments. |

2. Review all modified and disapproved CFSs and compare with submitted 75-49 for consistency.

   a. Forward a memorandum through the chain of command describing any case where modification or disapproval appears to be totally unjustified or inconsistent with previous DACU decisions and policies.

III. DETAINING UNIT PROCEDURE

A. All detaining units will process all juveniles in accordance with applicable procedures outlined in Directive 95.

B. When juveniles arrive at the detaining unit, personnel will check Block 31 on the CFS to ascertain whether or not the CFS has been transmitted to the DACU. If not, transmit it to the DACU (EXCEPTION: 3731-A MVC cases will be held until the breathalyzer results have been added to the CFS, then transmitted).

1. Districts equipped with CCTV can use the facsimile transmission equipment used for prisoner processing for this purpose by sending the CFS to the Identification Unit and notifying the DACU by phone.

    a. Identification Unit personnel will ensure that CFSs received are delivered to the arraignment court at the PAB for pickup by the DACU.

C. The Detaining Unit Supervisor will ensure that:

1. All juveniles are processed on a priority basis.

2. CFSs not previously transmitted to the DACU by the investigating unit are promptly transmitted to the DACU.

3. The DACU is informed of the juvenile's identity after processing is completed.

4. The charging decision is received from the DACU.

5. The ARIS message is updated with the DACU decision, transmitted to the investigating unit, and then properly filed.

6. A written Record of Declination is received for all modifications and disapprovals. The declination notice will be attached to the original CFS and forwarded to the commanding officer of the investigating unit.

7. Modifications, partial disapprovals, and disapprovals are recorded as dispositions on the 75-50 and a copy of the 75-50 is sent to Criminal Records.

8. When the charges are approved, the juvenile is either sent to the Youth Study Center or released in accordance with applicable procedures outlined in Directive 95.

9. When the case is diverted, the juvenile is released in accordance with applicable procedures outlined in Directive 95.

10. When the case is referred to a Youth Aid Panel, the juvenile is released in accordance with applicable procedures outlined in Directive 95.

11. When the charges are disapproved, the juvenile is released in accordance with the applicable procedures outlined in Directive 95.

12. If all misdemeanor and felony charges are disapproved and only summary charges remain, the juvenile is issued a Non-Traffic Summary Offense Citation (30-198) and released in accordance with the applicable procedures outlined in Directive 95.

IV. IDENTIFICATION UNIT

A. The Identification Unit Duty Supervisor will ensure that:

1. All juveniles are processed on a priority basis.

2. When the juvenile's identity is confirmed, the assigned investigator and/or the detaining unit is promptly notified of same.

V. CRIMINAL RECORDS UNIT

A. The Criminal Records Unit Duty Supervisor will ensure that:

1. Juvenile arrests are processed on a priority basis.

2. When requested by the assigned investigator, juvenile record checks are expedited.

3. The charging decision is recorded as a disposition on the Juvenile Aid Division Record (75-163).

4. The Identification Unit is notified of any modification or declination of charges against juveniles.

VI. PROCEDURE FOR ARRESTS ON WARRANTS

A. Juveniles arrested on a local arrest warrant do not need a CFS unless there are additional charges not included in the warrant and affidavit. Notify DACU of the arrest of the juvenile and the date of issuance of the warrant.

B. Juveniles arrested on arrest warrants issued by another county within Pennsylvania with no additional local charges will not be reviewed by the DACU. Therefore, no CFS is necessary.

1. In the "OFF" field of the ARIS message, the code "N/A" will be entered for arrest on in-state warrants.

C. Juveniles arrested on arrest warrants issued by a jurisdiction outside Pennsylvania.

1. Arrests on arrest warrants issued by jurisdictions outside of Pennsylvania will be reviewed by the DACU for the purpose of ensuring that the juvenile is, in fact, the juvenile wanted on the arrest warrant (not for the purpose of approving the out-of-state charges).

2. A CFS will be prepared including the facts of the arrest and sufficient identification data to establish that the juvenile arrested is the same as the juvenile listed on the warrant.

BY COMMAND OF THE POLICE COMMISSIONER

SUBJECT: INVESTIGATION REPORT (75-49)

I. POLICY

A. The Investigation Report (75-49) is used to record initial or supplementary actions and results of, or changes to, an investigation. It will be coded at the top of the form as follows:

1. Initial investigations will be coded Initial 75-49.

2. Supplementary actions and results or changes to an investigation will be coded Supplemental 75-52.

3. Additional pages (page 2, etc.) will be coded Continuation 75-51.

B. An Investigation Report (75-49) will be prepared when the Complaint or Incident Report (75-48) is coded "yes" report to follow, except when an Auto Theft Report (75-71), a Missing Person Report (75-74), or an Accident Report (AA-45) takes the place of the 75-49.

C. All Investigation Reports (75-49s) will be classified in accordance with the procedure as outlined in the Uniform Crime Reporting (UCR) Handbook and coded in accordance with the Philadelphia Classification Code Manual.

II. PROCEDURE

A. Operations Room Supervisor will:

1. Determine when there is a report to follow as established in Directive #54, "Complaint or Incident Report (75-48)", also refer to Appendix "B".

2. Notify other districts/units of their responsibility for preparation of reports to follow and record their control number on the 75-48. Notification may be made by delivery of the 75-48, a computer message, or by telephone.

3. Ensure that the Complaint or Incident Report (75-48) and Complaint or Incident Report Transmittal List (75-169) are prepared with the proper district/unit responsible for the reports to follow and their code numbers.

4. Ensure that the appropriate copies of the 75-48s and 75-169s are sent by Police Mail to Reports Control and Review (RC&R).

B. Reports Control and Review (RC&R) will:

1. Send to the pertinent districts/units, a computerized register of reports due on a daily basis.

   a. This computerized register will list initial Investigation Reports (75-49s), Auto Theft Reports (75-71s), and Missing Person Reports (75-74s).

2. Review and return to the submitting district/unit any reports needing correction in text, status, or classification accompanied with Evaluation Report (75-112).

3. Send to the pertinent districts/units a computerized register of delinquent reports, once a month.

C. The investigator/officer responsible for preparing the 75-49 will:

1. Prepare an accurate and complete report ensuring the text is supportive of the classification. Sign the report.

   a. Changes to the crime classification and/or status will be made on the Initial Investigation Report (75-49) or by submitting a Supplemental Report (75-52). The assigned investigator will not request a district supervisor to make any changes to the Complaint or Incident Report (75-48).

   b. Refer to Appendix "A" of this directive for instructions to complete the 75-49.

2. Ensure the proper computer messages are sent (Re: Directive 40, "Computer Messages").

3. For clearance of multiple cases, the assigned investigator will:

   a. Prepare an initial Investigation Report (75-49) for which the defendant has been arrested. This will be called the "KEY" case.

b. Contact the investigative units wherein the other cases were reported to obtain DC numbers, dates and names of complainants of these cases to be cleared. This information will be included in the initial Investigation Report (75-49) on the key case.

NOTE: These investigative units will send their Initial Investigative Reports (75-49) on these cases to the investigator preparing the key case.

c. Prepare a Supplemental Report (75-52) for each case being cleared in conjunction with the key case and include the DC number of the key case. These reports (with a copy of the key case 75-49) will be sent to the pertinent investigating unit to clear open cases.

d. Cancel outstanding messages on all cases being cleared.

e. If a case exists with no Initial Investigation Report (75-49), the assigned investigator of the key case will be responsible for the preparation of this report. This assigned investigator will ensure an Incident Report (75-48) with appropriate DC numbers is submitted regardless of the location of occurrence.

f. The unit preparing the Initial Investigative Report (75-49) on the key case will be credited for the clearance of all cases.

g. Slate the defendant in the district of arrest.

h. Notify all police officers, complainants and witnesses of the time and place of hearing.

4. An arrest with both juvenile and adult offenders will be the responsibility of the detective division of occurrence, with assistance from JAD, in processing the juvenile offenders. (The exception is when another unit, such as Sex Crimes, Narcotics, Homicide, or AID is responsible).

5. The detective division of occurrence will be responsible for an Investigation Report (75-49) for a racial or religious incident. If an offense is committed in addition to the incident, a separate DC number will be used for the offense.

D. Investigating Unit Supervisor will:

1. Sign for and receive two (2) copies of the computerized register (list of reports due) from Reports Control and Review (RC&R).

2. Review completed reports for accuracy and completeness and sign the report in the appropriate space.

3. Record the necessary information on the Complaint and Assignment Journal (75-118).

4. Compare completed reports with the computerized register (checking DC numbers for accuracy). Indicate delinquent reports by encircling the DC number.

5. If a report is not necessary or was referred to another unit, indicate this on the register.

6. Ensure reports are sent by police mail by 8:00 a.m. on date due to Reports Control and Review (RC&R), attached to the computerized register. Do not send any loose reports; they must be sent with the computerized register.

   a. If the report being forwarded is not on the computerized register, then it must be added to the bottom of the register.

7. Place name and badge number on register.

E. Distribution of Initial Investigation Reports (75-49s) and Supplemental Reports (75-52s):

1. Original (White) - To Reports Control and Review (RC&R) with computer register

2. 1st Carbon (Canary) - District

3. 2nd Carbon (Pink) - Investigating Unit

4. 3rd Carbon (Goldenrod) - District Attorney's Office

5. Additional copies are available for distribution when other agencies and/or units are involved.

BY COMMAND OF THE POLICE COMMISSIONER

PHILADELPHIA POLICE DEPARTMENT

DIRECTIVE 61
(2/26/87)

SUBJECT: INVESTIGATION REPORT (75-49), FORMAT AND TEXT INSTRUCTIONS

APPENDIX "A"

**INVESTIGATION REPORT** — PHILADELPHIA POLICE DEPARTMENT

| | | | | | |
|---|---|---|---|---|---|
| YR 1 | DIST OF OCCUR 2 | DC NO (2-7) 3 | 4 INITIAL (49) / SUPPLEMENTAL (52) / Continuation (51) / Sheet 5 of | 6 ☐ Class. Change ☐ Status Change ☐ Additional Info. ☐ Court Disposition | DISTRICT (8-9) 7 / SECTOR (10) 8 |
| PREVIOUS CLASSIFICATION 9 | CODE | | | | DIST./UNIT PREPARING 10 / CODE (11-12) / REPORT DATE 11 |
| CLASSIFICATION 12 | CODE (14-17) | PLACE OF OCCURRENCE (18-34) 13 | | | J.A.D. INVESTIGATIONS (35) 1. ☐ Male 2. ☐ Female 14 / Juvenile Offenders / Adult Offenders 3. ☐ |
| COMPLAINANT (Use firm name) (36-52) 15 | AGE (80-81) 16 | RACE (82) 1. ☐ W 2. ☐ N 3. ☐ C 4. ☐ PR 5. ☐ O 17 | SEX (83) 1. ☐ M 2. ☐ F 18 | ADDRESS 19 | PHONE 20 |
| TYPE OF PREMISES (53-55) 21 | DATE AND TIME REPORTED 22 | REPORTED BY 23 | | ADDRESS 24 | |
| DATE OF OCCURRENCE (56-61) 25 | DAY CODE (62) 26 | TIME (63-65) 27 | FOUNDED (66) ☐ Yes ☐ No | STATUS (67) 1. ☐ Active 2. ☐ Inactive - not cleared 3. ☐ Arrest - cleared 4. ☐ Exceptionally cleared | UNIT |
| STOLEN PROPERTY (68) 1. ☐ Currency, Bonds, etc. 2. ☐ T.V., Radio, Stereo 3. ☐ Office Equipment | 4. ☐ Jewelry, Precious Metals 5. ☐ Household Items (Furniture, Washers) 6. ☐ Consumer Items (Liquor, Cigarettes, etc.) | 7. ☐ Autos A. ☐ Furs 8. ☐ Clothing B. ☐ Misc. 9. ☐ Firearms C. ☐ Live Stk. | PROPERTY VALUE (69-73) $ | RECOVERED VALUE (74-78) $ | INSURED ☐ Yes ☐ No / OCCURRENCE (79) ☐ Inside ☐ Out |

"FORMAT INSTRUCTIONS"

1. Year of Occurrence
2. District of Occurrence
3. District number, followed by District Control Number, use 6-digit number for computer purposes.
   Example: 19-000001
4. Type of report being made. Type in the number code.
   Example: 49 initial (49)
5. Sheet (page) of total (pages)
6. If report is a 52, indicate its use.
   Example: X class. Change
7. District of Occurrence
8. Letter of sector of occurrence
9. Previous Philadelphia Classification and Code Number if one exists.
10. District/Unit preparing the report and their code number (Directive 54).
11. Date the report is initiated.
12. Philadelphia Classification and Code Number
13. Place of Occurrence - Numerical address where incident occurred.
14. If investigation is cleared or exceptionally cleared (Block #29), you indicate the oldest offender (Re: Training Circular No. 2, dated 3/5/84).
15. Complainant, name of person or business (avoid "Commonwealth")
16. Age of Complainant
17. Race of Complainant - Note: If age, race, or sex of complainant is not available, insert one of the following codes: 0000 for Business, 0088 for Police/Commonwealth, 9999 for Person.
18. Sex of Complainant
19. Address of Complainant
20. Phone number of complainant - "Important"
21. Code number for premises (from Philadelphia Classification Manual)
22. Date and time reported to police
23. Reported by - May or may not be complainant.
24. Address of person reporting
25. Date of occurrence (earliest)
    Example: Between April 10 and April 11 - Use April 10th.
26. Day code of date of occurrence
27. Time of Occurrence (earliest)
    Example: Between 11 PM and 8AM - Use 11 PM.

| INVESTIGATOR (Type and Sign Name) | SERGEANT | LIEUTENANT |
|---|---|---|
| | | |

75-49 (Rev. 12/74)

STAFF SERVICES DIVISION

**INVESTIGATION REPORT** — PHILADELPHIA POLICE DEPARTMENT

| | | | | | |
|---|---|---|---|---|---|
| YR / DIST. OF OCCUR | DC NO. (2-7) | INITIAL (49) / SUPPLEMENTAL (52) / Continuation (51) / Sheet of | ☐ Class Change ☐ Status Change ☐ Additional info. ☐ Court Disposition | DISTRICT (8-9) / DIST./UNIT PREPARING / CODE (11-12) | SECTOR (10) / REPORT DATE |
| PREVIOUS CLASSIFICATION | CODE | | | | |
| CLASSIFICATION | CODE (14-17) | PLACE OF OCCURRENCE (18-24) | | J.A.D. INVESTIGATIONS (25) 1 ☐ Male 2. ☐ Female | Juvenile Offenders / Adult 3 ☐ Offenders |
| COMPLAINANT (Last name first) (26-52) | AGE (80-81) | RACE (82) 1 ☐ W 2 ☐ N 3. ☐ C 4. ☐ PR 5 ☐ O | SEX (83) 1 ☐ M 2. ☐ F | ADDRESS | PHONE |
| TYPE OF PREMISES | DATE AND TIME REPORTED | REPORTED BY | ADDRESS | | |
| DATE OF OCCURRENCE | DAY CODE (62) | TIME (63-65) | FOUNDED (66) ☐ Yes 28 ☐ No | STATUS (67) 1. ☐ Active 2. ☐ Inactive - not cleared 29 3. ☐ Arrest - cleared 4. ☐ Exceptionally cleared | UNIT 30 |
| STOLEN PROPERTY 1 ☐ Currency, Bonds, etc. 2 ☐ T.V., Radio, Stereo 3 ☐ Office Equipment 4 ☐ Jewelry, Precious Metals 5 ☐ Household Items (Furniture, Washers) 6 ☐ Consumer Goods (Liquor, Cigarettes, etc.) 31 7 ☐ Autos 8 ☐ Clothing 9 ☐ Firearms A ☐ Furs B ☐ Misc C ☐ Live Stk | PROPERTY VALUE (69-73) $ 32 | RECOVERED VALUE (74-78) $ 33 | INSURED ☐ Yes ☐ No 34 | OCCURRENCE (79) ☐ Inside ☐ 35 | |

28. Founded or Unfounded Status
29. Status of Investigation - To exceptionally clear an investigation, the following must be known:
    a. The identity of the offender
    b. Enough information to support an arrest
    c. The location of the offender
    d. An outside jurisdiction is preventing the arrest, charging, or prosecution of the offender.
    NOTE: The recovery of property does not clear an investigation.
30. Code number of unit clearing the investigation (Directive 54) (If there are multiple clearances, this is the unit doing key case.)
31. Stolen Property only. Use one (1) code. If more than one property code applies, use the highest valued code.
32. Property value (do not use unknown). If necessary, use common sense estimate.
33. Recovered value - List property on one report only.
    Example: Total property stolen is $1,000. Initial recovery is $500 on 75-49. Subsequent recovery $500 on 75-52. Total of both reports reflect total property value recovered.
34. Complainant insured or uninsured
35. Incident occurred inside or outside
36. Appropriate signature
37. Appropriate signature
38. Appropriate signature

| INVESTIGATOR (Type and Sign Name) | SERGEANT | LIEUTENANT |
|---|---|---|
| 36 | 37 | 38 |

75-49 (Rev. 12/74)

STAFF SERVICES DIVISION

# INVESTIGATION REPORT

PHILADELPHIA POLICE DEPARTMENT

YR | DIST. OF OCCUR. | DC NO. (2-7) | INITIAL (49) | SUPPLEMENTAL (52) | Continuation (51) | Sheet of

☐ Class. Change ☐ Status Change ☐ Additional Info. ☐ Court Disposition

DISTRICT (8-9) | SECTOR (10) | DIST./UNIT PREPARING | CODE (11-12) | REPORT DATE

PREVIOUS CLASSIFICATION | CODE

CLASSIFICATION | CODE (14-17) | PLACE OF OCCURRENCE (18-34) | J.A.D. INVESTIGATIONS (35) 1. ☐ Male 2. ☐ Female | Juvenile Offenders 3 ☐ Adult Offenders

COMPLAINANT (Use firm name) (36-52) | AGE (80-81) | RACE (82) 1. ☐ W 2. ☐ N 3. ☐ C 4. ☐ PR 5 ☐ O | SEX (83) 1. ☐ M 2. ☐ F | ADDRESS | PHONE

TYPE OF PREMISES (53-55) | DATE AND TIME REPORTED | REPORTED BY | ADDRESS

DATE OF OCCURRENCE (56-61) | DAY CODE (62) | TIME (63-65) | FOUNDED (66) ☐ Yes ☐ No | STATUS (67) 1. ☐ Active 2. ☐ Inactive - not cleared 3. ☐ Arrest - cleared 4. ☐ Exceptionally cleared | UNIT

STOLEN PROPERTY (68) 1. ☐ Currency, Bonds, etc. 2. ☐ T.V., Radio, Stereo 3. ☐ Office Equipment 4. ☐ Jewelry, Precious Metals 5. ☐ Household Items (Furniture, Washers) 6. ☐ Consumer Items (Liquor, Cigarettes, etc.) 7. ☐ Autos 8. ☐ Clothing 9. ☐ Firearms A. ☐ Furs B. ☐ Misc. C. ☐ Live Stk. | PROPERTY VALUE (69-73) $ | RECOVERED VALUE (74-78) $ | INSURED ☐ Yes ☐ No | OCCURRENCE (79) ☐ Inside ☐ Out

"TEXT INSTRUCTIONS"

DETAILS UNIT CONTROL NUMBER

1. <u>ORIGIN AND DETAILS OF COMPLAINT</u>:
   a. Day, date, time and nature of complaint - (How did complaint come to attention of police?)
   b. Complaint, location and type of premises, business, etc.
   c. Policeman assigned, how assigned - (full name, badge, platoon, vehicle)
   d. Investigator assigned, time assigned - (full name, etc. - date of assignment)
2. <u>INTERVIEWS AND INTERROGATIONS</u> (Specify if Interrogation Forms 75-483 or 75-331 are attached):
   a. Complaint, day, date and time, location of interview - (Record use of Police Information Card - 75 misc.-6.)
   b. Defendant and/or suspect (must be warned of rights) (day, date, time, location). If no defendant, refer to Paragraph 5 messages.
   c. Witnesses - Expedite return of police witnesses to in-service status. (Interview police personnel first.) (day, date, time, location of interview, others present)
3. <u>ACTION TAKEN</u>:
   a. Give complete description of investigation conducted including conditions at crime scene and all action taken as a result of interviews and interrogations.
   b. Describe evidence found or otherwise obtained and disposition of evidence.
   c. Day, date, time, location of apprehension, by whom and witnesses present.
   d. Record check - person contacted, date and time
   e. Date and time of arraignment (6-hour rule)
   f. A Crime Victim's Notification Pamphlet and one (1) claim form will be given to the victim, intervenor, or victim's family in the event death results. Record the name of the person receiving the information and the date and time (Directive #26, Crime Victim's Compensation).

INVESTIGATOR (Type and Sign Name) | SERGEANT | LIEUTENANT

75-49 (Rev. 12/74)

STAFF SERVICES DIVISION

**INVESTIGATION REPORT** PHILADELPHIA POLICE DEPARTMENT

| | | | | |
|---|---|---|---|---|
| YR. \| DIST. OF OCCUR. | DC NO (2-7) | INITIAL (49) / SUPPLEMENTAL (52) / Continuation (51) / Sheet of | ☐ Class. Change ☐ Status Change ☐ Additional Info. ☐ Court Disposition | DISTRICT (8-9) \| SECTOR (10) |
| PREVIOUS CLASSIFICATION | CODE | | | DIST./UNIT PREPARING \| CODE (11-12) \| REPORT DATE |
| CLASSIFICATION | CODE (14-17) | PLACE OF OCCURRENCE (18-34) | | J.A.D. INVESTIGATIONS (35) 1. ☐ Male 2. ☐ Female 3. ☐ Juvenile Offenders / Adult Offenders |
| COMPLAINANT (Use firm name) (36-52) | AGE (80-81) | RACE (82) 1 ☐ W 2 ☐ N 3. ☐ C 4 ☐ PR 5 ☐ O | SEX (83) 1 ☐ M 2 ☐ F \| ADDRESS | PHONE |
| TYPE OF PREMISES (53-55) | DATE AND TIME REPORTED | REPORTED BY | ADDRESS | |
| DATE OF OCCURRENCE (56-61) | DAY CODE (62) \| TIME (63-65) | FOUNDED (66) ☐ Yes ☐ No | STATUS (67) 1. ☐ Active 2. ☐ Inactive - not cleared 3. ☐ Arrest - cleared 4. ☐ Exceptionally cleared | UNIT |
| STOLEN PROPERTY (68) | 1. ☐ Currency, Bonds, etc 2 ☐ T.V., Radio, Stereo 3 ☐ Office Equipment 4 ☐ Jewelry, Precious Metals 5. ☐ Household Items (Furniture, Washers) 6 ☐ Consumer Items (Liquor, Cigarettes, etc.) | 7 ☐ Autos 8 ☐ Clothing 9 ☐ Firearms A. ☐ Furs B ☐ Misc C ☐ Live Stk. | PROPERTY VALUE (69-73) $ \| RECOVERED VALUE (74-78) $ | INSURED ☐ Yes ☐ No \| OCCURRENCE (79) ☐ Inside ☐ Out |

4. REMARKS:
   a. List pertinent numbers for search warrants, arrest warrants, property receipts, district/unit control numbers, etc.
   b. Any pertinent or relevant information not contained elsewhere in this report.
   c. Observation should be based on fact.
   d. Requests for composite flyers, etc.
   e. List other units receiving copy of report.
5. MESSAGES:
   a. Use format in Directive 40 in transmitting and recording all messages sent.
   b. Use separate Continuation Report for lengthy inventory of property.
6. JUDICIAL PROCESS:
   a. Police officers (full name, badge, unit, platoon, group day and vacation period).
   b. Civilian witnesses (full name, address and telephone number)

| INVESTIGATOR (Type and Sign Name) | SERGEANT | LIEUTENANT |
|---|---|---|
| | | |

75-49 (Rev. 12/74)

**STAFF SERVICES DIVISION**

BY COMMAND OF THE POLICE COMMISSIONER

PHILADELPHIA POLICE DEPARTMENT

DIRECTIVE 61
(2/26/87)

SUBJECT: INVESTIGATIVE RESPONSIBILITIES OF INVESTIGATION REPORT (75-49)

APPENDIX "B"

I. INVESTIGATIVE RESPONSIBILITIES

A. Factors used for determining which district/unit shall be assigned the responsibility for preparation of the Investigation Report (75-49) shall be the nature of the offense, in conjunction with the age of the offenders.

1. An arrest with both adult and juvenile offenders will be investigated by the detective division of occurrence, with assistance from JAD in processing juvenile offenders.

2. Investigations and arrests conducted by Narcotics, Homicide, Civil Affairs, and Sex Crimes shall be the responsibility of those units, regardless of the age of the offenders. The Juvenile Aid Division will be required to assist in processing any juvenile offenders.

B. District Operations Room Supervisors will utilize the below list of classification codes to determine which district/unit will be responsible for follow-up investigations and reports (75-49s):

| CODE | INCIDENT | UNIT | ACTION |
|---|---|---|---|
| 111-118 | Homicide | Homicide | 75-49 |
| 121-122 | Fatal Accident | AID | 75-49 |
| 124-125 | Fatal Accident | AID | 75-49 |
| 211 | Forcible Rape | JAD - SCU | 75-49 |
| 222 | Forcible Incest Blood Relation | JAD - SCU | 75-49 |
| 233 | Attempt Rape, Ravish | JAD - SCU | 75-49 |
| 300 Series | Robberies | Detective Division (Except Bikes - JAD) | 75-49 |

| CODE | INCIDENT | UNIT | ACTION |
|---|---|---|---|
| 400 Series | Aggravated Assault | Detective Division or JAD | 75-49 (According to age of Def.) |
| 421-426 | Aggravated Assault on Police Officer | Detective Division | 75-49 |
| 500 Series | Burglary | Detective Division or JAD | 75-49 (According to age of Def.) |
| | | JAD | Principle property is a bicycle. |
| | | JAD | A school where juveniles attend and perpetrator is a juvenile or unknown. |
| | | Detective Division | A school where adults attend and perpetrator is an adult or unknown. |
| 600 Series | Theft | Detective Division or JAD | 75-49 (According to age of Def.) |
| 611 | Purse Snatch - ($200 & Over) | Detective Division | 75-49 |
| 619 | Eyeglass or Chain Snatch ($200 & Over) | Detective Division | 75-49 |
| 621 | Purse Snatch ($50-$199) | Detective Division | 75-49 |
| 623 | Theft-Auto Access. ($50-$199) | - - - - - - - - - - | Close Out Code* |
| 624 | Theft From Vehicle Non Access. ($50-$199) | - - - - - - - - - - | Close Out Code* |
| 625 | Bicycle Theft ($50-$199) | - - - - - - - - - - | Close Out Code* |
| 627 | Theft Coin-Operated Machines ($50-$199) | - - - - - - - - - - | Close Out Code* |
| 629 | Eyeglass or Chain Snatch (Less than $200) | Detective Division | 75-49 |
| 631 | Purse Snatch (Under $50) | Detective Division | 75-49 |

| CODE | INCIDENT | UNIT | ACTION |
|---|---|---|---|
| 633 | Theft-Auto Access. (Under $50) | - - - - - - - - - - | Close Out Code* |
| 634 | Theft From Vehicle Non Access. (Under $50) | - - - - - - - - - - | Close Out Code* |
| 635 | Theft of Bicycle (Under $50) | - - - - - - - - - - | Close Out Code* |
| 637 | Theft Coin-Operated Machines (Under $50) | - - - - - - - - - - | Close Out Code* |
| 638 | Theft From Vehicle Access. (Under $50) | - - - - - - - - - - | Close Out Code* |
| 648 | Theft-Parking Meter | - - - - - - - - - - | Close Out Code* |
| 649 | Theft-Motor Vehicle Tags | - - - - - - - - - - | Close Out Code* |
| 720 | Stolen Vehicles (Passenger) | District of Occurrence | 75-71 |
| 721 | Recovered (Pass. Veh.) | District of Occurrence | No Report to Follow |
| 722 | Stolen (Trucks, buses, etc.) | District of Occurrence | 75-71 |
| 723 | Recovered (Trucks, buses, etc.) | - - - - - - - - - - | No Report to Follow |
| 724 | Stolen (Motorcycles, etc.) | District of Occurrence | 75-71 |
| 725 | Recovered (Motorcycles, etc.) | - - - - - - - - - - | No Report to Follow |
| 726 | Stolen and Recovered (Prior to Initial Report) | District of Occurrence | 75-71 |
| 728 | Attempt Vehicle Theft | - - - - - - - - - - | Close Out Code* |
| 730 | Recovered Vehicle-Other Jurisdiction | Detective Division | 75-49 |
| 801 | Simple Assault | Detective Division or JAD | 75-49 If Prosecution (According to age of Def.) |

| CODE | INCIDENT | UNIT | ACTION |
|---|---|---|---|
| 802 | Assault on Police | Detective Division | 75-49 |
| 807 | Resisting Arrest | Detective Division | 75-49 |
| 809 | Terroristic Threats | Detective Division | 75-49 If Prosecution (According to age of Def.) |
| 810 | Harassment | Detective Division or JAD | 75-49 If Prosecution (According to age of Def.) |
| 811 | Propulsion of Missiles | Detective Division or JAD | 75-49 (According to age of Def.) |
| 1105 | Fraud (Others) | Detective Division or JAD | 75-49 (No Arrest) (According to age of Def.) |
| | | District of Occurrence | 75-49 (Arrest) |
| 1408 | Vandalism-Private Property ($500-$999) | - - - - - - - - - - | Close Out Code* |
| 1409 | Vandalism-Private Property (Under $500) | - - - - - - - - - - | Close Out Code* |
| 1411 | Graffiti-Private Property | - - - - - - - - - - | Close Out Code* |
| 1412 | Graffiti-Schools | - - - - - - - - - - | Close Out Code* |
| 1701-1711 | Sex Offenses (Not Commercial) | JAD - SCU | 75-49 |
| 1800 Series | Narcotics | Narcotics | 75-49 |
| 1822 | Marijuana | District of Occurrence | 75-49 (Amount less than 14 grams Adult) |
| | | JAD | 75-49 (Amount less than 14 grams Juvenile) |

| CODE | INCIDENT | UNIT | ACTION |
|---|---|---|---|
| 2101 | Drunken Driver | - - - - - - - - - - - | No Report to Follow |
| 2210 | Miscellaneous Violations | JAD | 75-49 (For Juvenile Offender) |
| 2211 | Under Age to Purchase Liquor | JAD | 75-49 (For Juvenile Offender) |
| 2212 | Possession of Intoxicated Beverage | JAD | 75-49 (For Juvenile Offender) |
| 2301 | Public Drunkenness | - - - - - - - - - - - | No Report to Follow |
| 2302 | Public Drunkenness | JAD | 75-49 (For Juvenile Offender) |
| 2403-2404 | Disorderly Conduct | - - - - - - - - - - - | No Report to Follow (Summary) |
| | | Detective Division or JAD | 75-49 (Misdemeanor)<br>75-49 (For Juvenile Offender) |
| 2405 | Unlawful Assemblies | Detective Division or JAD | 75-49 If prosecution (According to age of Def.) |
| 2411 | Disrupting Meetings | Detective Division or JAD | 75-49 If prosecution (According to age of Def.) |
| 2501 | Loitering and Prowling | Detective Division or JAD | 75-49 (According to age of Def.) |
| 2614 | Trespass (Defiant) | - - - - - - - - - - - | No Report to Follow (Summary) |
| | | Detective Division or JAD | 75-49 (Misdemeanor) (According to age of Def.) |
| 2616 | Criminal Trespass | Detective Division or JAD | 75-49 (According to age of Def.) |
| 2654 | Failure to Pay Trans Fare | District of Occurrence | 75-49 |
| 2660 | Incendiary Device | Detective Division | 75-49 |

| CODE | INCIDENT | UNIT | ACTION |
|---|---|---|---|
| 2680 | Curfew Violation (Highway) | - - - - - - - - - - | No Report to Follow |
| 2681 | Curfew Violation (Estab.) | - - - - - - - - - - | No Report to Follow |
| 2682 | Curfew Violation (Parent Only) | - - - - - - - - - - | No Report to Follow |
| 2683 | Curfew Violation (Prop.) | JAD | 75-49 |
| 2684 | Curfew Violation (Remedial Highway) | - - - - - - - - - - | No Report to Follow |
| 2685 | Curfew Violation (Remedial Estab.) | - - - - - - - - - - | No Report to Follow |
| 2701 | Investigation of Persons | - - - - - - - - - - | (75-49 Not Normally Required) |
| 2703 | Complaints Against Police | District of Occurrence | 75-49 (Physical or Verbal) |
| 2704 | Complaints Against Police (Other) | District of Occurrence | 75-49 |
| 2705 | Prison Complaints | Detective Division | 75-49 |
| 2801 | Traffic Arrest (Warrant) | AID | 75-49 If prosecution |
| 2805 | Vehicle Code (Misdemeanor) | AID | 75-49 If prosecution |
| 3005 | Injury to Employee | - - - - - - - - - - | No 75-49 |
| 3011 | Suicide | Detective Division<br>Homicide | 75-49<br>75-49 (If in a City Facility) |
| 3012 | Attempt Suicide | Detective Division<br>Homicide | 75-49<br>75-49 (If in a City Facility |
| 3101 | Abandoned Auto | - - - - - - - - - - | No Report to Follow |
| 3102 | Auto, Locate, or Hired Not Returned | District of Occurrence | 75-71 |
| 3116 | Investigation of Premises | - - - - - - - - - - | (75-49 Not Normally Required) |
| 3117 | Investigation (Other) | - - - - - - - - - - | No Report to Follow |

| CODE | INCIDENT | UNIT | ACTION |
|---|---|---|---|
| 3128 | Bomb Scare | JAD | 75-49 (Schools Unless Founded) |
| | | Detective Division | 75-49 (If Founded) |
| 3129 | Truancy | - - - - - - - - - - - | No Report to Follow |
| 3201 | Lost Property (Excluding Guns and Tags) | - - - - - - - - - - - | Close Out Code* |
| 3205 | Lost Motor Vehicle Tags | - - - - - - - - - - - | Close Out Code* |
| 3207 | Found Property | District of Occurrence | 75-49 |
| | Found Property - Gun | Detective Division | 75-49 |
| 3208 | Missing Property | - - - - - - - - - - - | Close Out Code* |
| 3210 | Missing From Inventory | District of Occurrence | 75-49 |
| 3501 | Missing Adults | Detective Division | 75-74 |
| 3551 | Missing Juveniles | JAD | 75-74 |

*Incidents listed as "Close Out Codes" must conform with guidelines set forth in Directive 54, "Complaint and Incident Report (75-48)".

BY COMMAND OF THE POLICE COMMISSIONER

PHILADELPHIA POLICE DEPARTMENT

DIRECTIVE 79
(4/14/80)

SUBJECT: DISCIPLINARY PROCEDURE

I. POLICY

A. Only the Police Commissioner, or in his absence, the delegated Deputy Commissioner, shall have the authority to suspend a member, except as stated herein.

II. INVESTIGATION AND REPORTS - INDICTABLE OFFENSES

A. The Commanding Officer of personnel accused or suspected of violations of the Pennsylvania Crimes Code shall conduct an investigation in cooperation with the Staff Inspector assigned and Detective personnel.

1. Personnel arrested for an indictable offense under the Crimes Code shall be informed of the charges by his/her commanding officer who shall be the arresting officer.

2. When the accused member is arrested, the pertinent Deputy Commissioner and Chief Inspector shall be notified. (During non-business hours, such notification shall be made to the Duty Chief Inspector, Command Inspections.) The pertinent Deputy Commissioner will inform the Police Commissioner of the arrest.

a. Constitutional warnings must be read to the accused prior to taking a statement.

3. Copies of Investigation Reports will accompany all department forms.

III. INVESTIGATION AND REPORTS - VIOLATIONS OF DEPARTMENT REGULATIONS

A. The Commanding Officer of personnel accused of violations of Department Regulations shall:

1. Conduct a thorough investigation and submit complete reports.

2. Obtain statements from civilian and/or police complainants and witnesses.

3. Advise civilian complainants and witnesses that their appearance before a Police Board of Inquiry may be necessary at a later date.

NOTE: Refusal of civilian complainants and/or witnesses to appear shall in no way relieve the Commanding Officer of the responsibility of conducting a thorough investigation and submitting complete reports.

4. Obtain a statement from the accused.

5. Obtain a written evaluation of the member's work performance from his/her immediate supervisor.

B. Personnel charged with violations of Department Regulations shall be permitted to plead guilty and waive a hearing before the Police Board of Inquiry.

1. When an officer pleads guilty, each level of command shall review the facts and make recommendations, dependent on the degree of severity.

2. When the sentence imposed is in excess of ten (10) days suspension, the accused may appeal and a hearing shall then be scheduled before the Police Board of Inquiry.

C. The Divisional Commander shall be notified immediately when the charge involves a violation of a Department Regulation under which the first offense may result in dismissal. (During non-business hours, the Duty Inspector, C.I.B., shall be notified.)

1. When necessary, or upon orders of the Chief Inspector concerned, the pertinent Inspector will supervise the investigation.

D. Charge Sheet (75-18) and Receipt of Statement of Charges (Form #1) shall be prepared in quadruplicate, signed by the accused and distributed as follows:

| | | |
|---|---|---|
| Original and 1st Copy | - | Pertinent Chief Inspector (Through Command Channels) |
| 2nd Copy | - | Personnel Officer |
| 3rd Copy | - | Accused Member |

NOTE: Copies of all Investigative Reports shall be attached to the copies of the 75-18's.

E. Commanding Officers shall notify the Personnel Officer by memorandum whenever personnel under their command are suspended for less than thirty (30) days, prior to having a hearing before the Police Board of Inquiry.

IV. INTOXICATION

A. When a member is suspected of being intoxicated, the member's supervisor (Lieutenant, or in his absence, Sergeant) shall:

1. Notify the District/Unit Commanding Officer (or during non-business hours, the Duty Captain, Command Inspections Bureau).

2. Prohibit the use of chewing gum and tobacco until after examination by a Police Surgeon and Breathalyzer Operator.

3. Have the Operations Room Supervisor prepare five (5) copies of the Intoxication Report Form (75-15).

B. The Commanding Officer (or during non-business hours, the Duty Captain, Command Inspections Bureau) shall:

1. Relieve the accused of his/her weapon.

2. When the member suspected of being intoxicated is sent to the Police Detention Unit for examination, ensure that he/she is accompanied by a supervisor, for the purpose of expediting the examination and verification of the results.

3. Ensure that the Detention Unit Supervisor is notified that an officer is being sent to the Detention Unit for a Breathalyzer Examination and an examination by a Police Surgeon.

a. Detention Unit Supervisor shall immediately notify the Police Breathalyzer Operator and the Police Surgeon on duty.

4. Ensure that the five (5) copies of the Intoxication Report (75-15) are submitted intact to the examining surgeon, and upon completion of the examination, are distributed as follows:

| | | |
|---|---|---|
| Original | - | Pertinent Chief Inspector |
| 1st Copy | - | Divisional Inspector |
| 2nd & 3rd Copies | - | Examining Surgeon |
| 4th Copy | - | Personnel Officer |

5. Ensure that the Breathalyzer Operator prepares four (4) copies of the Breathalyzer Analysis Report (75-439) and upon completion of the examination, are distributed as follows:

| | | |
|---|---|---|
| Original | - | Pertinent Chief Inspector |
| 1st Copy | - | Divisional Inspector |
| 2nd Copy | - | Breathalyzer Operator |
| 3rd Copy | - | Personnel Officer |

C. When a member on duty, or off duty in uniform, is pronounced intoxicated by a Police Surgeon or a Breathalyzer Examination reveals an alcoholic content in excess of .10, the Commanding Officer (or during non-business hours, the Duty Captain, Command Inspections Bureau) shall:

1. Retain the member's weapons, badge, frontispiece, identification card and call box key.



D017220

2. Suspend the member immediately for ten (10) working days by command of the Police Commissioner.

3. Have prepared two (2) copies of a memorandum with the member's name, badge number, payroll number, district/unit and the reason for suspension and effective date and distribute as follows:

   Original - Pertinent Chief Inspector

   1st Copy - Personnel Officer

4. Charge the member with the applicable section(s) of the Disciplinary Code.

D. When a member refuses to submit to either a Breathalyzer Examination or an Examination by a Police Surgeon, the member shall be charged with Section 3.01 of the Disciplinary Code - "Refusal to Obey Proper Orders From Superior", and suspended immediately.

E. When a member, on duty or reporting for duty is not pronounced intoxicated but is under the influence, the Commanding Officer (or during non-business hours, the Duty Captain, Command Inspections Bureau) shall:

1. Retain the member's weapons.

2. Send the member home and have him/her report for duty on his/her next scheduled working day.

3. Suspend the member without pay for the day.

4. Charge the member with the applicable section(s) of the Disciplinary Code.

5. Notify Personnel Officer of the one (1) day suspension, by memorandum.

V. ARRESTED OFF DUTY (COMMANDING OFFICER NOT THE ARRESTING OFFICER)

A. When a member who is off duty is arrested, the Operations Room Supervisor at District/Unit of Arrest shall:

1. Notify pertinent Chief Inspector or during non-business hours, the Duty Chief Inspector, Command Inspections Bureau.

2. Notify the supervisor on duty at the member's assigned district/unit, who will notify the Commanding Officer.

3. Retain member's identification (badge and identification card) and weapons, pending the arrival of the member's Commanding Officer.

a. If any of these items were used in the commission of the crime charged, the officer who first took custody of the items will process them as set forth in the Evidence Directive (Directive #91).

4. When applicable, notify Supervisor at Detective Headquarters who will assign an investigator.

B. The Commanding Officer of the accused shall:

1. Suspend the member immediately for thirty (30) working days pending further action by the Commissioner.

2. Take possession of the member's effects (weapons and identification items) that will not be used as evidence.

VI. MEMBERS ARRESTED OUT OF TOWN

A. Whenever a sworn member of the Department is arrested in another jurisdiction or is arrested locally by an agency other than the Philadelphia Police Department, he shall personally notify his Commanding Officer by whatever means available or request the arresting agency to notify the Commanding Officer.

1. The notification shall include:

a. The name of the arresting agency/jurisdiction

b. The charge or charges

c. Date, time and location of arrest

d. Location of initial incarceration

e. Date, time and location of the initial judicial proceeding

B. Commanding Officers, upon being notified of such an arrest, shall:

1. Elicit all pertinent information concerning the arrest.

2. Immediately notify the pertinent Chief Inspector or during non-business hours, the Duty Chief Inspector, Command Inspections Bureau.

3. Follow initial notification with a memorandum to the Police Commissioner providing a brief summary of the arrest. Include full name, rank, badge number, payroll number of the arrested member.

VII. PERSONNEL TEMPORARILY ASSIGNED

A. When personnel temporarily assigned commit infractions of Departmental Regulations, the Commanding Officer of the permanent assignment shall conduct the investigation and prefer charges. The Commanding Officer of the temporarily assigned personnel will submit a report of the violation to the Commanding Officer of the permanent assignment.

VIII. COURTS AND HEARINGS

A. Department personnel appearing as witnesses before the Police Board of Inquiry or Civil Service Commission shall comply with the procedures as outlined in Directive #13, Court Notices and Subpoenas.

BY COMMAND OF THE POLICE COMMISSIONER

PHILADELPHIA POLICE DEPARTMENT

DIRECTIVE 114
(1/8/82)

SUBJECT: RIGHT, DUTY AND OPPORTUNITY TO PRESENT COMPLAINTS OR INFORMATION

I. POLICY

A. All police and civilian personnel have the duty to promptly inform the Police Commissioner of any instances of corruption, deficiencies, dishonesty, fraud, irregularities, misconduct, inefficiencies, or other similar conditions existing within the Department.

B. All personnel also have the right to register complaints of any personal wrong, injustice suffered, grievance or injury incurred.

C. However, these rights and duties are not to be used as a means of initiating inquiries into complaints which are groundless, or which maliciously slander another member of the Department.

II. INTERNAL AFFAIRS BUREAU

A. The Commanding Officer, Internal Affairs Bureau will receive, investigate and resolve legitimate complaints from any member of the Department.

III. REPORTING

A. Complaints may be made orally by telephoning the Staff Inspectors' Headquarters and obtaining an appointment.

B. Complaints may be made in writing by addressing the correspondence to Internal Affairs Bureau, Staff Inspectors' Headquarters.

C. All injuries are to be reported in accordance with Directive #67.

IV. GRIEVANCES

A. All grievances of a minor nature (e.g., personality differences) will be resolved by the District/Unit Commanding Officer.

BY COMMAND OF THE POLICE COMMISSIONER

PHILADELPHIA POLICE DEPARTMENT

DIRECTIVE 127
(6-13-80)

SUBJECT: COMPLAINTS AGAINST POLICE

I. POLICY

A. All citizen's complaints against police officers shall be received, investigated and disposed of in accordance with the procedures set forth herein.

B. The Internal Affairs Bureau shall be the central control agency and repository of completed investigations for the Police Department in all cases of citizen's complaints against police.

C. A member of Internal Affairs Bureau will be available to receive citizen's complaints on a 24-hour basis (MU 6-3085).

D. The following Philadelphia Classification Codes will be used for citizen's complaints:

Code 2703 - Physical or Verbal Abuse

Code 2704 - Other Complaints

Code 2705 - Prison

II. CITIZEN'S COMPLAINT REPORT (75-561)

A. The Internal Affairs Bureau will be the control agency for the distribution of Citizen's Complaint Reports (75-561).

B. The Commanding Officer, Internal Affairs Bureau, will ensure that sufficient quantities of these reports are available upon request for the Mayor's Office for Information and Complaints, the Philadelphia Human Relations Commission, the offices of City Council members, Prison Facilities and all police installations.

1. In addition, sufficient quantities of Continuation Reports (75-51) must be available upon request from the above agencies, except police installations, which will order as usual on Requisition Form (71-S-91).

C. All requests for these forms from other agencies, will be referred to the Commanding Officer, Internal Affairs Bureau, who will issue a reasonable amount.

D. Completed Citizen's Complaint Report must be filed at the Police Administration Building, any police district/ unit or in the Mayor's Office for Information and Complaints.

III. PROCEDURE FOR RECORDING AND PROCESSING COMPLAINTS

A. When complaint is received from an agency other than police, all necessary reports will be prepared by Internal Affairs Bureau.

B. When complaint is received in a police district/unit, the Operations Room Supervisor receiving the complaint shall:

1. Upon receipt of a citizen's complaint, obtain a DC number and prepare a Complaint or Incident Report (75-48) utilizing one of the Philadelphia Classification Codes in Paragraph I-D.

a. If complaint is received in district other than district of occurrence, obtain a DC number for the district of occurrence.

2. Notify the ranking Supervisor on duty in the district/unit of the complaint.

3. If the complainant has not prepared a Citizen's Complaint Report (75-561), provide the person lodging the complaint a copy of the Citizen's Complaint Report and a Continuation Report (75-51), if necessary. Instruct the complainant to prepare the report (handprinted), filling in the required information, including signature.

a. If the complainant is illiterate or unable to intelligently prepare the report:

(1) Offer your assistance to the complainant in an effort to have the report prepared, or;

(2) Advise the complainant to have a relative or friend come to the district to assist in preparing the report.

4. Upon receipt of the handprinted copy from the complainant, type or print all information designated "For Police Use Only" on the report.

5. Prepare a skeletal Investigation Report (75-49), using appropriate code, Complaint Against Police, and fill in the appropriate block headings as indicated by "x" in illustration #1.

6. Notify member of Internal Affairs Bureau of the complaint, advising him of the DC number, name and address of the complainant.

   a. The member of Internal Affairs Bureau will issue an IAB Control Number. (Ex. - IAB #80-151)

7. Record the name of person notified at Internal Affairs Bureau, date, time notified and the IAB Control Number in the appropriate block of the Complaint Report.

8. Upon completion of the Complaint Report, give second carbon copy (Canary) to the complainant as a receipt.

9. Enter pertinent information in District/Unit Citizen's Complaint Log (75-579).

C. The ranking supervisor on duty in district/unit shall ensure that the policy of the department regarding Citizen's Complaints are carried out.

D. The duty Internal Affairs Officer shall:

1. Upon notification of complaint, issue IAB Control Number.

2. Enter pertinent information in IAB Citizen's Complaint Log (75-579).

E. Staff Inspector assigned to investigation shall:

1. Ensure that the District Attorney's copy of the Citizen's Complaint Report is forwarded promptly. (Hand delivered and receipted)

2. Ensure that every attempt is made to obtain interviews with all participants and witnesses involved in the complaint.

3. Ensure that the investigation is completed and the Investigative File submitted as soon as possible but no later than forty-five (45) days after receipt of the complaint unless special circumstances require additional time. This file shall include, but not be limited to the following:

    a. Statement of Complainant
    b. Statement of Officer(s)
    c. Results of Investigation
    d. Findings

        (1) If additional time is required, good cause must be shown and approved by the Police Commissioner.

4. Within five (5) days after completion of the investigation, submit an Investigative Report in duplicate which shall include:

    a. Complete summary of the investigation
    b. Findings
    c. Names of officers assisting in investigation and a description of their roles.

F. Chief Inspector, Internal Affairs Bureau, shall:

1. Within 20 days of receipt of the Investigative File and Investigative Report, make a recommendation for disposition and record this recommendation and reasons in the Investigative Report.

2. Forward both the Investigative File and Investigative Report to the Police Commissioner for final disposition.

G. Distribution of Reports:

1. Complaint or Incident Report (75-48)

| | | | |
|---|---|---|---|
| a. | White | - | Reports, Control & Review |
| b. | Yellow | - | Staff Inspector Notified |
| c. | Pink | - | District of Occurrence |

2. Investigation Report (75-49) - Skeletal

   a. White - Reports, Control & Review (With Transmittal Register)

   b. Canary - District/Unit of Issuance

   c. Goldenrod/Green - Staff Inspector Notified

   d. Pink - District of Occurrence

   e. Blue - Staff Inspector Notified

3. Citizen's Complaint Report (75-561)

   a. White (Original) - Chief Inspector, Internal Affairs Bureau, immediately via Police Mail

   b. Canary - To Complainant as Receipt

   c. Pink - Staff Inspector Notified

   d. Goldenrod - District/Unit/Agency Preparing Report

   e. Green - To Staff Inspector Notified- to be sent to District Attorney within 24 hours

4. Continuation Reports (75-51)

   a. Attached to the report which it continues. Use same colored carbons to correspond to the report it supplements.

IV. ANONYMOUS COMPLAINTS

A. Complaints received from persons who wish to remain anonymous shall be processed in the same manner as any other complaint.

B. On pertinent police reports (i.e., Incident (75-48), Investigation (75-49) and Complaint (75-561) Reports), the District/Unit Operations Room Supervisor will enter "Anonymous" in lieu of the complainant's name. Leave address and related information concerning complainant blank.

V. FRIVOLOUS COMPLAINTS

A. Whenever all the facts set forth in a Citizen's Complaint indicate little likelihood of misconduct by any police officer, the Staff Inspector assigned may recommend that no investigation be conducted.

B. This recommendation must be approved by the Commanding Officer, Internal Affairs Bureau, and if approved, sent to the Police Commissioner for approval.

C. If approved by the Police Commissioner, the investigation will be closed and all parties involved notified by the Police Commissioner.

D. If disapproved, the complaint will be investigated in the normal manner.

VI. PUBLIC ACCESS

A. Upon final disposition, Investigative Reports of Citizen's Complaints, will be available for public inspection at Internal Affairs Bureau, 323 Race Street, during the hours of 9 AM and 5 PM, Monday thru Friday.

BY COMMAND OF THE POLICE COMMISSIONER

# INVESTIGATION REPORT — ILLUSTRATION #1 — PHILADELPHIA POLICE DEPARTMENT

| YR. | DIST. OF OCCUR. | DC NO. (2–7) | | |
|---|---|---|---|---|
| X | X | X | | |

X INITIAL (49)
SUPPLEMENTAL (52)
Continuation (51)
Sheet of

☐ Class. Change
☐ Status Change
☐ Additional Info.
☐ Court Disposition

DISTRICT (8–9): X
SECTOR (10): X
DIST./UNIT PREPARING: X
CODE (11–12): X
REPORT DATE: X

PREVIOUS CLASSIFICATION — CODE

CLASSIFICATION: X — CODE (14–17): X

PLACE OF OCCURRENCE (18–34): X

J.A.D. INVESTIGATIONS (35): 1. ☐ Male 2. ☐ Female 3. ☐ Juvenile Offenders Adult Offenders

COMPLAINANT (Use firm name) (36–52): X
AGE (80–81): X
RACE (82): X 1. ☐ W 2. ☐ N 3. ☐ C 4. ☐ PR 5. ☐ O
SEX (83): 1. ☒ M 2. ☐ F
ADDRESS: X
PHONE: X

TYPE OF PREMISES (53–55): X
DATE AND TIME REPORTED: X
REPORTED BY: X
ADDRESS: X

DATE OF OCCURRENCE (56–61): X
DAY CODE (62): X
TIME (63–65): X
FOUNDED (66): ☒ Yes ☐ No
STATUS (67): 1. ☒ Active 2. ☐ Inactive – not cleared 3. ☐ Arrest – cleared 4. ☐ Exceptionally cleared
UNIT

STOLEN PROPERTY (68): 1. ☐ Currency, Bonds, etc. 2. ☐ T.V., Radio, Stereo 3. ☐ Office Equipment 4. ☐ Jewelry, Precious Metals 5. ☐ Household Items (Furniture, Washers) 6. ☐ Consumer Items (Liquor, Cigarettes, etc.) 7. ☐ Autos 8. ☐ Clothing 9. ☐ Firearms A. ☐ Furs B. ☐ Misc. C. ☐ Live Stk.

PROPERTY VALUE (69–73): $
RECOVERED VALUE (74–78): $
INSURED: ☐ Yes ☐ No
OCCURRENCE (79): ☐ Inside ☐ Out X

SEE CITIZEN'S COMPLAINT REPORT
IAB CONTROL NUMBER ____________

INVESTIGATOR (Type and Sign Name)
SERGEANT
LIEUTENANT X

D017235

75–49 (Rev. 12/74)

STAFF SERVICES DIVISION

PHILADELPHIA POLICE DEPARTMENT

DIRECTIVE 127
(6-13-80)

SUBJECT: COMPLAINTS AGAINST POLICE

I. POLICY

A. All citizen's complaints against police officers shall be received, investigated and disposed of in accordance with the procedures set forth herein.

B. The Internal Affairs Bureau shall be the central control agency and repository of completed investigations for the Police Department in all cases of citizen's complaints against police.

C. A member of Internal Affairs Bureau will be available to receive citizen's complaints on a 24-hour basis (MU 6-3085).

D. The following Philadelphia Classification Codes will be used for citizen's complaints:

Code 2703 - Physical or Verbal Abuse

Code 2704 - Other Complaints

Code 2705 - Prison

II. CITIZEN'S COMPLAINT REPORT (75-561)

A. The Internal Affairs Bureau will be the control agency for the distribution of Citizen's Complaint Reports (75-561).

B. The Commanding Officer, Internal Affairs Bureau, will ensure that sufficient quantities of these reports are available upon request for the Mayor's Office for Information and Complaints, the Philadelphia Human Relations Commission, the offices of City Council members, Prison Facilities and all police installations.

1. In addition, sufficient quantities of Continuation Reports (75-51) must be available upon request from the above agencies, except police installations, which will order as usual on Requisition Form (71-S-91).

C. All requests for these forms from other agencies, will be referred to the Commanding Officer, Internal Affairs Bureau, who will issue a reasonable amount.

D. Completed Citizen's Complaint Report must be filed at the Police Administration Building, any police district/ unit or in the Mayor's Office for Information and Complaints.

III. PROCEDURE FOR RECORDING AND PROCESSING COMPLAINTS

A. When complaint is received from an agency other than police, all necessary reports will be prepared by Internal Affairs Bureau.

B. When complaint is received in a police district/unit, the Operations Room Supervisor receiving the complaint shall:

1. Upon receipt of a citizen's complaint, obtain a DC number and prepare a Complaint or Incident Report (75-48) utilizing one of the Philadelphia Classification Codes in Paragraph I-D.

a. If complaint is received in district other than district of occurrence, obtain a DC number for the district of occurrence.

2. Notify the ranking Supervisor on duty in the district/unit of the complaint.

3. If the complainant has not prepared a Citizen's Complaint Report (75-561), provide the person lodging the complaint a copy of the Citizen's Complaint Report and a Continuation Report (75-51), if necessary. Instruct the complainant to prepare the report (handprinted), filling in the required information, including signature.

a. If the complainant is illiterate or unable to intelligently prepare the report:

(1) Offer your assistance to the complainant in an effort to have the report prepared, or;

(2) Advise the complainant to have a relative or friend come to the district to assist in preparing the report.

4. Upon receipt of the handprinted copy from the complainant, type or print all information designated "For Police Use Only" on the report.

5. Prepare a skeletal Investigation Report (75-49), using appropriate code, Complaint Against Police, and fill in the appropriate block headings as indicated by "x" in illustration #1.

6. Notify member of Internal Affairs Bureau of the complaint, advising him of the DC number, name and address of the complainant.

   a. The member of Internal Affairs Bureau will issue an IAB Control Number. (Ex. - IAB #80-151)

7. Record the name of person notified at Internal Affairs Bureau, date, time notified and the IAB Control Number in the appropriate block of the Complaint Report.

8. Upon completion of the Complaint Report, give second carbon copy (Canary) to the complainant as a receipt.

9. Enter pertinent information in District/Unit Citizen's Complaint Log (75-579).

C. The ranking supervisor on duty in district/unit shall ensure that the policy of the department regarding Citizen's Complaints are carried out.

D. The duty Internal Affairs Officer shall:

1. Upon notification of complaint, issue IAB Control Number.

2. Enter pertinent information in IAB Citizen's Complaint Log (75-579).

E. Staff Inspector assigned to investigation shall:

1. Ensure that the District Attorney's copy of the Citizen's Complaint Report is forwarded promptly. (Hand delivered and receipted)

2. Ensure that every attempt is made to obtain interviews with all participants and witnesses involved in the complaint.

3. Ensure that the investigation is completed and the Investigative File submitted as soon as possible but no later than forty-five (45) days after receipt of the complaint unless special circumstances require additional time. This file shall include, but not be limited to the following:

   a. Statement of Complainant
   b. Statement of Officer(s)
   c. Results of Investigation
   d. Findings

      (1) If additional time is required, good cause must be shown and approved by the Police Commissioner.

4. Within five (5) days after completion of the investigation, submit an Investigative Report in duplicate which shall include:

   a. Complete summary of the investigation
   b. Findings
   c. Names of officers assisting in investigation and a description of their roles.

F. Chief Inspector, Internal Affairs Bureau, shall:

1. Within 20 days of receipt of the Investigative File and Investigative Report, make a recommendation for disposition and record this recommendation and reasons in the Investigative Report.

2. Forward both the Investigative File and Investigative Report to the Police Commissioner for final disposition.

G. Distribution of Reports:

1. Complaint or Incident Report (75-48)

   a. White - Reports, Control & Review

   b. Yellow - Staff Inspector Notified

   c. Pink - District of Occurrence

2. Investigation Report (75-49) - Skeletal

   a. White - Reports, Control & Review (With Transmittal Register)

   b. Canary - District/Unit of Issuance

   c. Goldenrod/Green - Staff Inspector Notified

   d. Pink - District of Occurrence

   e. Blue - Staff Inspector Notified

3. Citizen's Complaint Report (75-561)

   a. White (Original) - Chief Inspector, Internal Affairs Bureau, immediately via Police Mail

   b. Canary - To Complainant as Receipt

   c. Pink - Staff Inspector Notified

   d. Goldenrod - District/Unit/Agency Preparing Report

   e. Green - To Staff Inspector Notified- to be sent to District Attorney within 24 hours

4. Continuation Reports (75-51)

   a. Attached to the report which it continues. Use same colored carbons to correspond to the report it supplements.

IV. ANONYMOUS COMPLAINTS

A. Complaints received from persons who wish to remain anonymous shall be processed in the same manner as any other complaint.

B. On pertinent police reports (i.e., Incident (75-48), Investigation (75-49) and Complaint (75-561) Reports), the District/Unit Operations Room Supervisor will enter "Anonymous" in lieu of the complainant's name. Leave address and related information concerning complainant blank.

V. FRIVOLOUS COMPLAINTS

A. Whenever all the facts set forth in a Citizen's Complaint indicate little likelihood of misconduct by any police officer, the Staff Inspector assigned may recommend that no investigation be conducted.

B. This recommendation must be approved by the Commanding Officer, Internal Affairs Bureau, and if approved, sent to the Police Commissioner for approval.

C. If approved by the Police Commissioner, the investigation will be closed and all parties involved notified by the Police Commissioner.

D. If disapproved, the complaint will be investigated in the normal manner.

VI. PUBLIC ACCESS

A. Upon final disposition, Investigative Reports of Citizen's Complaints, will be available for public inspection at Internal Affairs Bureau, 323 Race Street, during the hours of 9 AM and 5 PM, Monday thru Friday.

BY COMMAND OF THE POLICE COMMISSIONER

# INVESTIGATION REPORT ILLUSTRATION #1 PHILADELPHIA POLICE DEPARTMENT

| YR. | DIST. OF OCCUR. | DC NO. (2-7) | INITIAL (49) / SUPPLEMENTAL (52) / Continuation (51) / Sheet of | Class. Change / Status Change / Additional Info. / Court Disposition | DISTRICT (8-9) | SECTOR (10) |
|---|---|---|---|---|---|---|
| X | X | X | X INITIAL (49) | ☐ | X | X |

| PREVIOUS CLASSIFICATION | CODE | DIST./UNIT PREPARING | CODE (11-12) | REPORT DATE |
|---|---|---|---|---|
| | | X | X | X |

| CLASSIFICATION | CODE (14-17) | PLACE OF OCCURRENCE (18-34) | J.A.D. INVESTIGATIONS (35) 1. ☐ Male 2. ☐ Female 3. ☐ Juvenile Offenders Adult Offenders |
|---|---|---|---|
| X | X | X | |

| COMPLAINANT (Use firm name) (36-52) | AGE (80-81) | RACE (82) 1. ☐ W 2. ☐ N 3. ☐ C 4. ☐ PR 5. ☐ O | SEX (83) 1. ☐ M 2. ☐ F | ADDRESS | PHONE |
|---|---|---|---|---|---|
| X | X | X | X | X | X |

| TYPE OF PREMISES (53-55) | DATE AND TIME REPORTED | REPORTED BY | ADDRESS |
|---|---|---|---|
| X | X | X | X |

| DATE OF OCCURRENCE (56-61) | DAY CODE (62) | TIME (63-65) | FOUNDED (66) | STATUS (67) | UNIT |
|---|---|---|---|---|---|
| X | X | X | ☒ Yes ☐ No | 1. ☒ Active 2. ☐ Inactive - not cleared 3. ☐ Arrest - cleared 4. ☐ Exceptionally cleared | |

| STOLEN PROPERTY (68) | | | PROPERTY VALUE (69-73) | RECOVERED VALUE (74-78) | INSURED | OCCURRENCE (79) |
|---|---|---|---|---|---|---|
| 1. ☐ Currency, Bonds, etc. 2. ☐ T.V., Radio, Stereo 3. ☐ Office Equipment | 4. ☐ Jewelry, Precious Metals 5. ☐ Household Items (Furniture, Washers) 6. ☐ Consumer Items (Liquor, Cigarettes, etc.) | 7. ☐ Autos 8. ☐ Clothing 9. ☐ Firearms A. ☐ Furs B. ☐ Misc. C. ☐ Live Stk. | $ | $ | ☐ Yes ☐ No | ☐ Inside ☐ Out X |

SEE CITIZEN'S COMPLAINT REPORT
IAB CONTROL NUMBER ______________

| INVESTIGATOR (Type and Sign Name) | SERGEANT | LIEUTENANT |
|---|---|---|
| | | X |

D017235

75-49 (Rev. 12/74) STAFF SERVICES DIVISION

SUBJECT: RULES OF DISCOVERY

I. BACKGROUND

A. The disclosure of evidence before trial in criminal cases is governed by the Rules of Criminal Procedure as promulgated by the Pennsylvania Supreme Court.

B. The Rules of Discovery apply to all court cases in which murder, a felony or a misdemeanor is charged. The Discovery Rules do not apply to Summary cases.

II. POLICY

A. Whenever a person is arrested and charged with murder, a felony or a misdemeanor, copies of all police reports pertaining to the case shall be transmitted to the District Attorney's Office pursuant to the guidelines contained herein.

B. The responsibilities outlined in Section III below are cancelled whenever the case is discharged at the arraignment or the District Attorney declines to prosecute.

III. RESPONSIBILITY

A. The Commanding Officer of the Unit/Division assigned to the investigation shall be responsible for ensuring that copies of all reports pertaining to the investigation are properly transmitted to the District Attorney's Office in the following manner:

1. When completed and properly reviewed, the District Attorney's copy (goldenrod) and the blue copy of the Investigation Report (75-49) will be removed from the snap-out form and stapled together.

2. Reproduced copies of the following reports will be stapled securely to the District Attorney's copies (goldenrod & blue) of the Investigation Report (75-49):

a. Copies of all formal statements and/or interviews made by a defendant or a witness (75-331 and/or 75-483).

b. Copy of the Property Receipt (75-3).

c. Copy of the Complaint or Incident Report (75-48).

d. Copy of the Chronology (75-485).

e. Copy of the Police Officer's Radio Memorandum (75-130).

f. Copies of all Supplemental Investigation Reports (75-52).

g. Copy of the Attempt to Apprehend Log.

NOTE: Not all of the above reports will necessarily be prepared for every investigation.

3. The District Attorney's copies of the Investigation Reports (75-49) will be delivered with a transmittal sheet (listing all attached 75-49's) to the Court Coordinator of the division wherein the Preliminary Hearings will be held.

4. The Court Coordinator will ensure that the Assistant District Attorney who receives the Investigation Reports at the Preliminary Hearing signs the transmittal sheet.

a. The Court Coordinator will return the signed transmittal sheet to the Commanding Officer of the Unit/Division assigned to the investigation for maintenance in a tickler file.

5. In Municipal Court cases, the District Attorney's copies of the Investigation Reports (75-49) will be delivered with a transmittal sheet to:

Trial Listing Coordinator
District Attorney's Office
2300 Centre Square West

a. The representative from the District Attorney's Office who receives the reports will sign the transmittal sheet which will then be returned to the Commanding Officer of the Unit/Division assigned to the investigation for maintenance in a tickler file.

## IV. PREPARATION OF REPORTS

A. Complaint or Incident Reports (75-48).

1. Whenever there is a report to follow a 75-48, the yellow copy of the 75-48 will be delivered to the Unit/Division assigned to conduct the investigation. (The yellow copy will be sent in addition to any facsimile transmission copy.)

   a. The pink copy will be maintained in the district file in these cases.

2. When there is no report to follow, the yellow copy of the 75-48 will be maintained in the district file.

B. Formal Statements (75-331)

1. All formal statements taken from defendants will be recorded on the Written Statement Form (75-331). The first carbon (D.A.'s copy) will be stapled to the Goldenrod copy of the Investigation Report (75-49). (Section III.A.2.above)

C. Investigator's Interview Sheet (75-483)

1. All written interviews of complainants/witnesses will be recorded on the Investigator's Interview Sheet (75-483).

2. When completed, each interview will be reproduced and stapled to the Goldenrod copy of the 75-49. (Section III.A.2.above)

D. Investigation Report (75-49)

1. Under the "Interviews and Interrogations" section of the 75-49, the assigned investigator shall, for every person interviewed/interrogated, specifically state if a 75-483/75-331 is attached.

   Example: Defendant: John Smith, 18 yrs, W/M, 123 N. Broad St., DOB: 1/10/60. (75-331 attached)

   Give a summary of the attached statement on the 75-49.

Witness: Mary Brown, 20 yrs, W/F
456 Market St., DOB:
6/7/57, Phone: 123-4567
(75-483 attached)

Give a summary of the attached interview on the 75-49.

2. Under the "Action Taken" section of the 75-49 list the Property Receipt numbers of any physical evidence collected.

3. Under the "Remarks" section of the 75-49 list every other report prepared in connection with the investigation by form number. (i.e. 75-48, 75-130, etc.)

E. Laboratory Analysis Reports

1. The District Attorney's Office will notify the Commanding Officer of the Laboratory Division in writing when Laboratory Analysis Reports are required.

a. The notification will include the DC# of the investigation and the MC# or CP#

2. The Commanding Officer of the Laboratory Division will ensure that the required reports are picked up by a representative of the District Attorney's Office and that the transmittal sheet is signed by the D.A.'s representative when he/she receives the reports.

V. REQUESTS BY DEFENSE ATTORNEYS

A. All requests for any information relating to court cases made by defense counsel will be directed to the District Attorney's Office.

1. Copies of reports will never be given directly to defense counsel by police personnel.

2. The District Attorney's Office will provide to defense counsel copies of all reports which they are entitled to receive.

B. The District Attorney's Office will cooperate with the Evidence Custodian in making any arrangements for the viewing and/or photographing of evidence by the defense.

1. The ranking officer in charge of the facility wherein the evidence is stored will be responsible for maintaining the chain of custody and ensuring that the evidence remains intact.

VI. PROTECTIVE ORDERS

A. Under certain conditions, the District Attorney can request that the Court issue a Protective Order limiting access to evidence by the Defense. An example of the type of evidence which may be protected is the name and address of a witness.

B. When the assigned investigator becomes aware of a definite reason why the name and address of a particular witness(es) should not be revealed to the defense; he/she shall notify the ranking supervisor on duty in the Unit/Division.

Examples:

a. Prior threats against complainant/witness by the defendant or his associates.

b. Prior record of threatening or tampering with complainants/witnesses by either the defendant or his attorney.

C. The ranking supervisor on duty shall personally review each request for a protective order. Following his review, he shall consult with the District Attorney's Office regarding the request.

1. During weekdays, contact the Deputy District Attorney in charge of the Trial Division.

2. After 5:00 PM on weekdays and on weekends and holidays contact the Assistant District Attorney on duty in Arraignment Court.

3. The name of the Assistant District Attorney contacted and whether or not he/she approved the request will be recorded on the Sending and Receiving Sheet.

D. When the District Attorney's Office agrees to seek a protective order, the assigned investigator shall:

1. Directly beside the control number at the upper right hand corner of the "Details" section of the 75-49 type in capital letters "PROTECTIVE ORDER REQUEST APPROVED BY A.D.A. (NAME) (DATE & TIME CONTACTED)".

    a. The reasons for the request shall be fully explained in the "Remarks" section of the 75-49.

2. In the last block under the "Charges" section of the Hearing Sheet (75-133) type in capital letters "PROTECTIVE ORDER REQUEST APPROVED BY A.D.A. (NAME) (DATE & TIME CONTACTED)".

3. Police personnel assigned to Arraignment Court shall examine every Municipal Court Hearing List (75-133) for a protective order request, prior to separating any of the copies from the form.

4. If an approved request is noted on the 75-133, the entire report will be given to the Assistant District Attorney, who will be informed that a protective order is requested.

5. Police personnel will ensure that defense counsel (either public defender or private attorney) is not given access to Hearing Sheets on which a protective order request is indicated.

BY COMMAND OF THE POLICE COMMISSIONER